STATE OF MINNESOTA *vs.* FRANK SHENTON & another.

December 9, 1875.

**Indictment for Assault with Dangerous Weapon.**—An indictment under Gen. St. ch. 94, § 33, is sufficient if it directly charges the defendant with acts coming fully within the statutory description of the offence, in the substantial words of the statute, without any further expansion of the matter.

Defendants were tried and convicted in the district court for Dodge county, before *Lord*, J., upon the indictment set out in the opinion. An objection to the admission of any evidence for the prosecution, and a motion in arrest of judgment, were both overruled, judgment was duly rendered, and the defendants appealed.

*James George*, for appellants.

*Geo. P. Wilson*, Attorney General, for the State.

CORNELL, J. In regard to an offence purely statutory it is, as a general rule, sufficient in the indictment " to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without

any further expansion of the matter." 1 Bish. Cr. Pro. § 359, and cases cited.

The general tendency in modern times is to restrict, rather than extend, the exceptions to this rule, and especially is this the case in those states which, like our own, have adopted by statutory enactments more liberal rules than existed at common law for determining the sufficiency of indictments. 1 Bish. Cr. Pro. § 374.

The offence charged by the indictment in this case is one created and defined by Gen. St. ch. 94, § 33, which provides that " whoever, being armed with a dangerous weapon, assaults another, with intent to do great bodily harm, shall be punished," etc. Within the rule above stated the indictment is sufficient. It distinctly and positively charges that, at a time and place therein stated, " the defendants, being then and there armed with dangerous weapons, to wit, a revolver, then and there loaded with gunpowder and leaden bullets, and a large stick, to wit, a stick of stove wood eighteen inches in length, did feloniously assault one George Axier, with intent to do him, the said George Axier, great bodily harm," and ends with the proper conclusion. The specification of the acts constituting the particular offence charged is sufficiently definite and certain fully to apprise the defendants of what they were required to meet, and, in case of trial and judgment thereon, to guard against another indictment for the same offence.

Judgment affirmed.