STATE OF MINNESOTA *vs.* L. J. JAMISON.

December 19, 1887.

**Criminal Law—Abduction—Indictment.—**In an indictment for abduction, under the first clause of Penal Code, § 240, subd. 1, it is not necessary to allege that the taking was without the consent of the parent or guardian, but it is proper to state from whose custody the female was taken.

**Same—Essentials of Offence—Illicit Purpose.—**In order to constitute a "taking," within the meaning of this section, it is not necessary that it should appear that force or violence was used. It may be accomplished

by persuasion, enticement, or device. But it must not only appear that the female was taken away or induced to leave through the active influence or persuasion of the accused, but it must also appear that it was done for the illicit purpose forbidden by the statute.

Same—Evidence.—Evidence in this case considered, and held insufficient to show a "taking" for the unlawful purpose alleged.

The defendant was tried and convicted, in the district court for McLeod county, on an indictment for abduction, and appeals from an order by *Edson, J.,* refusing a new trial. ·

*A. P. Fitch* and *H. J. Peck,* for appellant, cited *People* v. *Plath,* 100 N. Y. 590; *Hoberg* v. *State,* 3 Minn. 181, (262;) *Lowry* v. *Harris,* 12 Minn. 166, (255;) *State* v. *Hoyt,* 13 Minn. 125, (132.)

*Moses E. Clapp,* Attorney General, *P. M. Nelson,* and *R. H. McClelland,* for the State.

VANDERBURGH, J. The indictment in this case is for abduction, under Penal Code, § 240, subd. 1. It charges that "the defendant, at the village of Glencoe, in the county of McLeod, did wilfully, unlawfully, and feloniously take a certain unmarried female, named Emma Urbach, out of the possession of Henrietta Urbach, her mother and guardian, for the purposes of sexual intercourse, she, the said Emma Urbach, being then and there an unmarried girl under the age of sixteen years, to wit, of the age of fifteen years; contrary," etc. The statute provides as follows, (subdivision 1:) "A person who takes a female, under the age of sixteen years, for the purpose of prostitution or sexual intercourse, or, without the consent of her father, mother, guardian, or other person having legal charge of her person, for the purpose of marriage, * * * or, (4) being parent, guardian, or other person having legal charge of the person of a female under the age of sixteen years, consents to her taking or detaining by any person for the purpose of prostitution or sexual intercourse, is guilty of abduction." It will be observed that these provisions are materially different from the New York statute on the same subject.

1. To constitute this crime under subdivision 1 of the section referred to, it is not necessary to allege or prove that the "taking" was without the consent of the parent or guardian, though evidence on this question may be material in ascertaining the circumstances

of an alleged abduction. A distinct and essential element of the offence under this statute is the unlawful purpose for which the taking is had. In this case it is alleged, in respect to the taking, simply that the female in question was taken from the possession of her mother. This refers to the custody of the person having charge of her or with whom she lived, and was proper. The indictment is sufficient.

2. To constitute a "taking," within the meaning of this section, it is not necessary that force or violence be used. It may be accomplished by persuasion, enticement, or device. But it must not only appear that the female was taken away or induced to leave through the active influence or persuasion of the accused, but it must also appear that it was done for the illicit purpose defined, and without such proof the prosecution must fail. And this is the material question in this case. There is no doubt that the defendant induced the young girl, Emma Urbach, to leave the house of her mother, with whom she was living; but defendant's counsel insist that the state has wholly failed to prove that he took her away for such unlawful purpose. There is evidence in the case tending to show that the parties had already been criminally intimate, and that he intended to send her to his mother's house, in St. Paul; and it was understood that she was to go there or to her sister's in Minneapolis, and that he did in fact send her to St. Paul, where she remained until the following April, when she died from sickness following childbirth. It might, of course, also be shown, if such was the fact, that he took her away for the further unlawful purpose charged. To establish such criminal object it was shown that, instead of putting her upon the train at Glencoe, he took her in a buggy to the village of Plato, where they remained all night at a hotel, and in the morning he sent her to St. Paul on the cars, and he returned to Glencoe. If, under the circumstances, there was evidence sufficient to warrant the jury in finding that there was criminal intercourse between the parties at Plato, we think the verdict in this case should be sustained. But notwithstanding the presence of some suspicious circumstances, in addition to the facts mentioned, we think the evidence altogether too slender to establish the guilt of the

defendant.  Whatever the truth may be, we think the state failed to sustain this charge by adequate proof; and it is sufficiently clear that the chief and ultimate purpose of the defendant was to send the girl to St. Paul to his mother's house on account of past wrongs. The evidence in the case shows great moral depravity on the part of the defendant, but was insufficient, as we think, to establish the particular offence charged, and there must be a new trial.

New trial granted.