STATE OF MINNESOTA *vs.* GEORGE ABRISCH.

June 7, 1889.

**Indictment—Following Words of Statute.**—An indictment may charge a statutory offence in the language of the statute without greater particularity, when, by that means, all that is essential to constitute the offence is stated fully and directly, without uncertainty or ambiguity.

**Same—Seduction.**—An indictment for seduction is sufficient which alleges the seduction to have been "under promise of marriage."

Appeal by defendant from an order of the district court for Washington county, *McCluer*, J., presiding, overruling his demurrer to an indictment.

*Fayette Marsh*, for appellant.

*M. E. Clapp*, Attorney General, and *Orris E. Lee*, for the State.

DICKINSON, J. The specific charge in the indictment is that the defendant, at a time and place specified, "wilfully and feloniously, under promise of marriage to Tillie Otto, her, the said Tillie Otto, did then and there seduce and have sexual intercourse with,—said Tillie Otto being then and there an unmarried female of previous chaste character,—contrary to the form of the statute," etc. Section 242 of the Penal Code enacts that "a person who, under promise of marriage, seduces and has sexual intercourse with an unmarried female of previous chaste character, is punishable," etc. The language of the act defines in clear, unambiguous words, of definite and well-understood meaning, the acts and conditions which constitute the crime of seduction. No other acts or conditions are involved in such an offence than those thus distinctly specified. The crime is of statutory creation. The indictment following the language of the statute is sufficient without more particular allegations, for it fully, directly, and expressly alleges, without uncertainty or ambiguity, all that is involved in the crime specified. *State* v. *Comfort*, 22 Minn. 271; *State* v. *Shenton*, Id. 311. Not only is the language of the statute followed, but the meaning of such language is well defined and unambiguous. It is not subject to the objections urged upon this

demurrer, viz., that it fails to show (1) a promise of marriage by the defendant; (2) with whom defendant had sexual intercourse; (3) that. Tillie Otto was, at the time of the seduction, of previous chaste character.

Order affirmed.