[No. 20819.   In Bank. — March 18, 1891.]

## EX PARTE CORA ESTRADO, ON HABEAS CORPUS.

CRIMINAL LAW — ABDUCTION OF FEMALE MINOR — PROSTITUTION — LEGAL CUSTODY. — Under section 267 of the Penal Code, providing for the punishment of any person taking away a minor female from her father, mother, guardian, or other person having the legal charge of her person, without their consent, for the purposes of prostitution, the averment and proof of legal custody is only required when the child is taken from some person other than the parents or guardian.

ID. — DEFECT IN COMMITMENT — DESCRIPTION OF OFFENSE — ORDER INDORSED UPON DEPOSITIONS — HABEAS CORPUS. — A defect in a commitment, in describing the offense charged upon which the defendant is held to answer, is immaterial, if the offense is sufficiently described in the order indorsed on the depositions, and the defendant will not be entitled to discharge upon *habeas corpus* for such defect, if no allegation appears either in the petition for the writ or by way of traverse to the return, that a sufficient order was not so indorsed.

ID. — PROOF OF OFFENSE — PURPOSE OF PROSTITUTION — DOMESTIC SERVICE. — It is not necessary, in a prosecution for the abduction of a female minor for the purpose of prostitution, that there should be express testimony to show that the purpose of taking the girl was to make her a prostitute, but the accused is to be judged by acts rather than words; and evidence that the girl was taken by a procuress to a house of prostitution, ostensibly to work as a domestic servant, without disclosing to the girl or to her father the character of the place, is sufficient to warrant a verdict of guilty of the offense charged.

APPLICATION to the Supreme Court for a discharge on *habeas corpus*. The facts are stated in the opinion of the court.

*B. B. Haskell,* for Petitioner.

*William S. Barnes,* for Respondent.

BEATTY, C. J.—The petitioner is held in the custody of the chief of police of the city and county of San Francisco, under a commitment which recites an order of the police judge holding her to answer "on a charge of felony, to wit, enticing a minor away for the purpose of prostitution, committed as follows: Said Cora Estrado did in the city and county of San Francisco, on the twenty fifth day of February, 1891, willfully, unlawfully, and feloniously, take away a certain female under the age of eighteen years," —naming her,—"of the age of seventeen years, from her father, for the purpose of prostitution."

It is claimed that the imprisonment of the petitioner is unlawful, for two reasons: 1. Because the order recited in the commitment does not show that the father of the girl from whom she was taken had the legal care of her person; and 2. Because the evidence adduced at the examination does not show any reasonable or probable cause for holding that the petitioner is guilty of the offense charged.

The first ground is not alleged in the petition upon which the writ was issued, but is taken by way of objection to the return, and rests upon counsel's construction of section 267 of the Penal Code, which reads as follows:—

"Sec. 267. Every person who takes away any female under the age of eighteen years from her father, mother, guardian, or other person having the legal charge of her person, without their consent, for the purpose of prostitution, is punishable by imprisonment in the state

prison not exceeding five years, and a fine not exceeding one thousand dollars."

According to the construction of this section contended for, it is not sufficient to allege and prove that a girl has been taken away from her father, mother, or guardian; it must also be alleged that the father, mother, or guardian had the legal charge of her person.

But a father, mother, or guardian necessarily has the legal charge of the person of a minor child or ward, and the true construction of the statute only requires averment and proof of legal custody when the child is taken from some other person.

Moreover, a defect in the commitment in describing the offense is immaterial if it is sufficiently described in the order indorsed on the depositions (*Ex parte Keil*, 85 Cal. 309, and cases cited); and it is not alleged in this case, either in the petition or by way of traverse to the return, that a sufficient order was not so indorsed.

The second ground relied on is, if possible, more barren of merit than the first.

We note, in passing, that the petition, so far as this ground is concerned, was wholly insufficient to call for the issuance of the writ under the decision in *Ex parte Walpole*, 84 Cal. 584. But the writ was issued, and on the return enough of the depositions was read to show that the petitioner induced a girl of seventeen years to go to a house of prostitution for the ostensible purpose of domestic service. She did not disclose to the girl or her father what the character of the place was. It is contended that this does not show that the purpose of taking the girl to the house was to make her a prostitute. But clearly, such evidence would sustain a verdict against the petitioner. It is not to be supposed that a procuress will furnish direct and positive proof of her guilt by openly proposing a life of shame to a girl that she is seeking to lead astray; on the contrary, every motive of policy will conspire to induce her to pursue a course of

indirection in carrying out her design, and she is to be judged not by what she says so much as by what she does. (*People* v. *Marshall*, 59 Cal. 386.)

If a person is to be presumed to intend the natural consequences of his acts, it is certainly fair to presume that when a woman takes a young girl, without the knowledge or consent of her parents, and puts her to work as a domestic servant in a house of prostitution, she intends to lead her to take up that sort of life; for it is very certain that amidst such surroundings she cannot long preserve either reputation or modesty.

And a court should look with extreme suspicion upon such an excuse as the petitioner offers for her conduct. To treat it with any favor would make the nefarious traffic of which she is accused easy and safe, — when it ought to be made difficult and dangerous. An example which would enforce the lesson that domestic servants for such places are to be sought outside of the ranks of immature girls would be extremely salutary.

The prisoner is remanded.

GAROUTTE, J., DE HAVEN, J., McFARLAND, J., SHARP-STEIN, J., and HARRISON, J., concurred.