## PRUITT v. THE STATE.

Where both the parents of a minor are in life, the legal presumption is that the control of such minor has not passed to a guardian; and therefore an indictment, framed under section 110 of the Penal Code, which alleges the abduction of a child under the age of eighteen years without the consent of its parents (naming them) is sufficient to support a conviction, and will withstand a special demurrer based upon the ground that the indictment did not negative the idea that the child was taken away without the consent of a guardian. If in any manner the parental authority had been lost and vested in a guardian and the abduction took place with the consent of the guardian, such facts may be shown by way of defense.

Argued October 15, — Decided November 15, 1897.

Indictment for kidnapping. Before Judge Harris. Campbell superior court. August 31, 1897.

*Hunt & Golightly*, for plaintiff in error.
*T. A. Atkinson, solicitor-general*, contra.

SIMMONS, C. J. Pruitt was indicted, under section 110 of the Penal Code, for kidnapping. That section provides that "Any person who forcibly, maliciously, or fraudulently leads, takes, or carries away, or decoys or entices away, any child under the age of eighteen years from its parent or guardian, or against his will, or without his consent, is guilty of kidnapping." The indictment charged the offense of kidnapping, for that the accused, on October 15, 1896, in the county of Campbell, "did forcibly, maliciously, and fraudulently lead, take, and carry away, and decoy and entice away, one Mary Smith, a female child under the age of eighteen years, from her parents Patrick Smith and Mary E. Smith, without the consent of her said parents." The defendant demurred to the indictment, on two grounds; the demurrer was overruled, and defendant excepted. The first ground of the demurrer was, that the indictment failed to set out that the child was carried beyond the limits of the State or county. This ground was abandoned in the argument here, counsel conceding that no such allegation was necessary under the statute quoted and under which the accused was indicted. The other ground of demurrer was, that the indictment failed to allege that the guardian of the child did not consent and that it was against the will of the guardian, and did not allege that the child had no guardian. The indictment gave the names of the parents, and alleged that the abduction had been without their consent. The demurrer admitted that the father and mother of the child were in life. There is a legal presumption, where both parents are in life, that the control of a minor child has not passed into the hands of a guardian. When, therefore, an indictment alleges that the abduction or kidnapping was without the consent of either father or mother of the child, it is, in our opinion, sufficient although it does not also allege the want of consent of the guardian. The father being in life, the custody and control of the child was in him, and it was unnecessary to negative the consent of the guardian or to allege that there was no guardian. If the father had not been in life, it would have been necessary, under the ruling in the case of Newman v. State, 63 Ga. 533, to have alleged, not only that the abduction was without the

consent of the mother, but that it was without the consent of the guardian or that there was no guardian.. In the case cited the indictment alleged simply that the liquor was sold to a minor without the consent of the mother; and Bleckley, J., in the opinion of the court, demonstrates the necessity of alleging the want of consent of the guardian. The father may have been dead and there may have been a guardian, so that the defendant could have admitted the allegations in the indictment and still have been innocent. The rule for determining the validity of an indictment is thus laid down (p. 534): "If all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premises, the guilt of the accused follows as a legal conclusion, the indictment is good." Applying this rule to the present case, we think the indictment good. The accused can not admit as true the facts alleged and yet be innocent, for the legal presumption is that the control of the child has not passed from the father to a guardian. When, therefore, the accused admits that the child was abducted as alleged without the consent of the father or mother, his guilt follows as a legal conclusion, and the indictment is good.

The presumption that the parental control has not, in the life of the father, passed to a guardian is not conclusive, but may be rebutted by proof. If in any manner the parental authority has been lost and vested in a guardian and the abduction took place with the consent of such guardian, these facts may be shown by way of defense.

*Judgment affirmed. All the Justices concurring.*