STATE v. ERNEST L. GREENWOOD.[1]

Indictment No. 2.

May 9, 1899.

Nos. 11,577—(19).

**Indictment for Forgery—"Forge" not a Legal Conclusion.**

> An indictment which charges that on a certain day and at a certain place the defendant, with intent to defraud, did then and there feloniously forge a certain promissory note, of the tenor following, and then sets out in the indictment the note in full, states facts sufficient to constitute a public offense in plain and concise language, and sufficiently informs the defendant of the nature and cause of the accusation against him, and the word "forge," as used in said indictment, is not a mere legal conclusion.

Defendant was indicted in the district court for Olmsted county for forgery in the second degree, and demurred to the indictment on the grounds: (1) That the same did not state or specify any act or acts of defendant constituting the crime of forgery; (2) that the same did not state that the promissory note, therein alleged to be forged, was in writing; (3) that the same did not state any act or acts constituting the crime of forgery in any degree; and (4) that the facts stated in the indictment did not state a public offense. The court, Snow, J., overruled the demurrer, and on motion of de-

[1] STATE v. GREENWOOD.

Indictment No. 3.

May 9, 1899.

Case certified. Affirmed.

*W. B. Douglas*, Attorney General, *C. W. Somerby*, Assistant Attorney General, *G. W. Granger* and *Chas. C. Willson*, for the State.

*Brown & Abbott* and *Stephen H. Somsen*, for defendant.

BUCK, J.

This action is between the same parties, and involves the same questions as are decided in the foregoing case of indictment No. 2, certified to this court by the district court of Olmsted county.

Indictment held sufficient, and order affirmed.

fendant certified the case to the supreme court for its determination of the questions stated in the opinion. Affirmed.

*W. B. Douglas,* Attorney General, *C. W. Somerby,* Assistant Attorney General, *G. W. Granger* and *Chas. C. Willson,* for the State.

*Brown & Abbott* and *Stephen H. Somsen,* for defendant.

BUCK, J.

The defendant, Greenwood, was indicted by the grand jury of the county of Olmsted of the offense of forgery. The indictment reads as follows:

"Ernest L. Greenwood is accused by the grand jury of the county of Olmsted, in the state of Minnesota, by this indictment, of the crime of forgery in the second degree, committed as follows: The said Ernest L. Greenwood, on the eighteenth day of December, A. D. one thousand eight hundred and ninety-seven, at the city of Rochester, in the county of Olmsted and state of Minnesota, with intent to defraud, did then and there falsely and feloniously forge a certain promissory note of the tenor following:

" '$300.00.                            Dec. 14, 1897.

" 'On or before one year after date we promise to pay to the order of Edward J. Grimm three hundred dollars, with interest at 7 per cent. per annum, at ———, value received.

" 'E. L. Greenwood.
" 'C. E. Greenwood. ·

" 'No. ———. Due, ———.'

"Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Minnesota.

"Dated at the city of Rochester, in the county of Olmsted and state of Minnesota, this 21st day of June, A. D. one thousand eight hundred and ninety-eight.          James Crawford,

·"Foreman of the Grand Jury."

The defendant demurred to the indictment, and upon a hearing the demurrer was overruled. The grounds of the demurrer are substantially included in the questions in the case as certified by the trial court to this court for its determination, upon motion and at the request of the defendant, as follows, viz.:

(1) Does the indictment state facts sufficient to constitute a public offense?

(2) Does the indictment contain a statement of the acts constituting the offense in plain and concise language?

(3) Does the indictment allege any act or fact constituting the crime of forgery, or is the word "forge," as used therein, a mere legal conclusion?

(4) Does the word "forge," as used in the indictment, sufficiently inform the defendant of the nature and cause of the accusation against him?

The defendant contends that there is no allegation of the particular acts constituting the offense, no information vouchsafed to the defendant as to what he did, and no specification of the facts from which the grand jury drew the legal conclusion that he forged a certain document; and he invokes in his behalf the provision of the bill of rights that the accused shall be by the indictment informed of the nature and cause of the accusation against him, and that the statute of this state provides that an indictment shall contain a statement of the acts constituting the offense in plain and concise language. "Forgery" is the fraudulent making of a false writing which, if genuine, would apparently be of some legal efficacy. State v. Rose, 70 Minn. 403, 73 N. W. 177. And "forgery in the second degree," as defined by G. S. 1894, § 6692, so far as material in this case, is as follows:

"A person is guilty of forgery in the second degree who, with intent to defraud, forges * * * an instrument or writing, being or purporting to be the act of another."

G. S. 1894, § 6701, provides that

"The expressions 'forge,' 'forged' and 'forging' as used in this chapter, include false making, counterfeiting, and the alteration, erasure, or obliteration of a genuine instrument, in whole or in part."

Now, what is the nature and the cause of the accusation in the indictment? The instrument so specifically described therein on its face contains all the essentials necessary to constitute a valid promissory note. It is alleged in the indictment that this apparently genuine instrument is a forged one; that the defendant forged it, with the felonious intent to defraud. If so, he made the note or instrument within the definition of the word "forge." A promissory note is a written promise to pay money at all events. There is no such thing as a verbal promissory note. This instrument in

the indictment comes within the definition of a written promissory note. The indictment clearly, distinctly, and directly charges the defendant with having forged this instrument with intent to defraud. That is the charge against him, and, as he was entitled to be informed of the nature and cause of the accusation against him, we are of the opinion that he could and did find it quite easily in the charge in the indictment.

The gist of the offense of forgery is the intent to defraud. It is not necessary nor advisable to set out the name of the person intended to be defrauded. The elements of fraud to be charged in the indictment, according to the law books, are a writing apparently valid, and evil intent on the part of the accused, and a false making of such writing. These matters are all charged in the indictment, which uses the word "forge," and it is claimed that this is not a statement of fact or facts, but simply a conclusion of law; and Com. v. Williams, 13 Bush, 267, and Stowers v. Com., 12 Bush, 342, are cited to this effect, but we do not deem these decisions sound, and decline to follow them. The word "forge" contains a statement of fact, and not a mere conclusion of law, and includes the false making of an instrument, in whole or in part. If the word "forge" is broad enough to constitute a statement of fact and a conclusion of law, it nevertheless charges and covers a particular act, and sufficiently charges the commission of an offense in the words of the statute. State v. Foster, 30 Kan. 365, 2 Pac. 628. In State v. Comfort, 22 Minn. 271, it was held that

"A charge in an indictment may be made in the words of the statute, without a particular statement of facts and circumstances, when, by using those words, the act in which an offense consists is fully, directly, and expressly alleged, without any uncertainty or ambiguity."

The material portions of the indictment are in the language of the statute, and are sufficient. People v. Harrold, 84 Cal. 567, 24 Pac. 106. This rule is particularly applicable to the charge of forgery, where it is not necessary to set out in what particular act the forgery consisted, because the word "forge" or "forged" includes, in and of itself, a statement of the particular acts which constitute this particular offense. While forgery was a common-law offense,

and a common-law indictment was a very lengthy document, full of technical and minute allegations of matter, yet the statute has in a great measure dispensed with this surplusage, and all that is now required by statute is that the indictment be direct and certain as to the party, the offense charged, and the particular circumstances of the offense charged, when necessary to constitute a complete offense, and it is sufficient, under a statutory indictment, to bring the offense fairly within the terms of the definitions of the offense. 9 Enc. Pl. & Pr. 551.

In People v. Rynders, 12 Wend. 427, it was held sufficient to aver that the defendant forged a certain writing, describing it truly, and setting forth its tenor. And in People v. Stearns, 21 Wend. 409, it was held that, in cases of forgery, the indictment is good if it set forth the instrument alleged to have been forged, averring it to have been falsely made, with intent to defraud some person or body corporate, provided the instrument be such on its face as to show that the rights of property of such person may thereby be impaired or affected. It is not necessary that the facts and circumstances of the case, showing the intent, should be specially set forth in the indictment. It is enough that they be given in evidence on the trial. Extrinsic facts are necessary to be stated only when the operation of the instrument upon the rights or property of another is not manifest or probable from the face of the writing. 1 Wharton, Prec. Ind. 264.

Our conclusion is that this indictment is good; that it was not necessary to set out therein the particular acts which constitute the crime of forgery, other than is included in the words "did feloniously forge" the promissory note therein fully described, which on its face appeared to be genuine, and to charge that such forgery was done with the intent to defraud. Hence we answer questions Nos. 1 and 2 in the affirmative, and No. 3 that the indictment does allege a fact constituting the crime of forgery, and that the word "forge" therein is not a mere legal conclusion. And we answer question No. 4, and decide that the word "forge," as used in the indictment, in connection with the other facts therein stated, sufficiently informs the defendant of the nature and cause of the accusation against him.

The order overruling the demurrer is affirmed, and cause remanded for further proceedings.