STATE v. ALFRED BRADFORD.

December 18, 1899.

Nos. 11,890—(27).

**Laws 1899, c. 43, § 1.**

Laws 1899, c. 43, § 1, construed, and *held* not void for uncertainty.

**Same.**

*Held*, the section should be cut down by construction so as to apply only to cases of injuries to public bicycle paths.

**Bicycle Paths.**

Conceding, without deciding, that, prior to the passage of said chapter 43, the county commissioners had no authority to set apart a portion of a public highway for a bicycle path for the exclusive use of bicycles, *held*, that chapter by implication ratified the act of the commissioners in doing so, or attempting to do so, and also by implication authorized such commissioners thereafter to set apart a portion of a highway for such exclusive use.

**Indictment Defective.**

*Held*, the indictment is fatally defective in failing to allege that the bicycle path is a part of a public highway, or a public bicycle path. Rule applied that an indictment is not sufficient which merely follows the language of the statute, when the statute does not sufficiently define the crime, or set forth all of the elements necessary to constitute the offense intended to be punished.

Defendant was indicted in the district court for Hennepin county for driving a team of horses attached to a sled upon a bicycle path. The case was tried before Simpson, J., and a jury, and resulted in a conviction. From an order denying a motion for a new trial, defendant appealed. Reversed.

*A. M. Higgins, L. W. Gammons* and *J. A. Peterson,* for appellant.

Laws 1899, c. 43, § 1, cannot be intelligibly construed. If the act makes it a crime to drive a team of horses attached to a vehicle across a bicycle path constructed exclusively for use of bicyclists, the legislature has exceeded its powers. The legislature can make criminal only what interferes with the morals, health

and good order of the community.  Loan Assn. v. Topeka, 20 Wall. 655.  The act is broad enough to cover a path on the land of the person driving across it.  See Whiting v. Sheboygan, 25 Wis. 167, 188; Cooley, Const. Lim. 129, 175, 487; 2 Dillon, Mun. Corp. § 587; City of St. Paul v. Gilfillan, 36 Minn. 298; River v. Behr, 77 Mo. 91; Quintini v. Board, 64 Miss. 483; People v. Rosenberg, 138 N. Y. 410; Coe v. Schultz, 47 Barb. 64; Hutton v. City, 38 N. J. L. 122; City v. State, 118 Ind. 426, 447.  The statute is too indefinite. There is no description of a "bicycle path" except that it must be made exclusively for use of bicyclists.  Dorsey v. State, 38 Tex. Crim. App. 527; City v. Heitzeberg, 141 Mo. 375.

The indictment is insufficient.  It is not enough to charge in the words of the statute unless all that is essential to constitute the offense is stated.  State v. Howard, 66 Minn. 309, 312; State v. Comfort, 22 Minn. 271; State v. Abrisch, 41 Minn. 41.  Nor is it charged that defendant knew it was a bicycle path.  State v. Howard, supra.

The portion of the highway in question was not a bicycle path constructed exclusively for the use of bicyclists.  Public highways belong to the public, and the public is entitled to free passage along every part not in actual use by some other traveler.  1 Woods, Nuis. § 252; Elliott, Highw. 18; Angell, Highw. § 226; 1 Hawkins, P. C. c. 76, § 49; State v. Berdetta, 73 Ind. 185; Johnson v. Whitefield, 18 Me. 286; Addison, Torts, 328.  It is doubtful whether the legislature can restrict the use in the manner here attempted, but there is no legislative enactment authorizing it. The county commissioners having no authority to denominate a part of the highway a bicycle path for the exclusive use of bicyclists, and to exclude the general public therefrom, the part of the highway in question was not a bicycle path constructed for the exclusive use of bicyclists.  The board of county commissioners has no powers not expressly delegated.  The term "bicycle path" has never been recognized or defined by the laws of this state.

*W. B. Douglas*, Attorney General, *C. W. Somerby*, Assistant Attorney General, and *A. B. Choate*, for respondent.

The act is sufficiently definite.  The nature and purposes of

bicycle paths are as much matter of common knowledge as are the nature and purpose of sidewalks constructed for the exclusive use of pedestrians. The law is as valid as are laws and ordinances prohibiting the driving of teams on sidewalks, or heavy traffic on public boulevards. The court will give to the act a reasonable construction.

The indictment is sufficient. When a statutory defense is completely defined, an indictment in the language of the statute is sufficient. State v. Comfort, 22 Minn. 271; State v. Barry, 77 Minn. 128; State v. Greenwood, 76 Minn. 207. Courts take judicial notice of the general direction of streets, and their limits, and numbering; and of the location of rivers, cities, sections, towns, and ranges. Skelly v. New York, 7 Misc. (N. Y.) 88; Canavan v. Stuyvesant, 7 Misc. (N. Y.) 113; Sheehan v. Flynn, 59 Minn. 436; 12 Am. & Eng. Enc. 173, 174. "Wilfully" includes "knowingly." State v. Stein, 48 Minn. 466.

The part of the highway in question was a bicycle path constructed exclusively for the use of bicyclists. The building of the path was matter of public record and common knowledge. The power of the commissioners to construct bicycle paths is necessarily implied. The legislature has given them general supervision in improving county roads. The nature and extent of the improvements are for them to decide; and in absence of fraud or demonstrable mistake of fact the courts will not interfere with their determination. G. S. 1894, § 1846; State v. Judges of District Court, 51 Minn. 539.

The purpose of the law was to keep vehicles within their proper limits and to protect bicyclists, and the act is within the police power, and violates no constitutional right. Cook, Pen. Code (N. Y.) §§ 640, note, 652; Fisher v. Village, 133 N. Y. 527; Tiedeman, Lim. Pol. Pow. § 1; State v. Wagner, 45 Iowa, 482; State v. Cargill Co., 77 Minn. 223; Emmons v. Minneapolis & St. L. Ry. Co., 35 Minn. 503; State v. Smith, 58 Minn. 35; Butler v. Chambers, 36 Minn. 69; State v. Horgan, 55 Minn. 183; State v. Mrozinski, 59 Minn. 465; State v. Chapel, 64 Minn. 130; Johnson v. Chicago, M. & St. P. Ry. Co., 29 Minn. 425; Graffty v. City, 107 Ind. 502; Des Moines v. Des Moines, 73 Iowa, 513.

The purposes and actual construction of a bicycle path may be shown by parol in the same manner that a county road may be so proved, the records not being conclusive. State v. District Ct. of Ramsey Co., 29 Minn. 62, 33 Minn. 164; G. S. 1894, § 1878; Village of Benson v. St. Paul, M. & M. Ry. Co., 62 Minn. 198, 200; Hall v. City of St. Paul, 56 Minn. 428, 431. A county road is a highway, and the commissioners have supervision thereof with power to improve it for travel by ordinary vehicles, horsemen and footmen, and to appropriate money therefor. The nature and extent of the improvement is left to the discretion of the board. G. S. 1894, §§ 1832, 1838, 1846; Cater v. N. W. Telephone Ex. Co., 60 Minn. 539; Gillette-Herzog Mnfg. Co. v. Board of Co. Commrs., 69 Minn. 297; Carli v. Stillwater St. Ry. & T. Co., 28 Minn. 373; Elliott, Roads & S. 300–304; 9 Am. & Eng. Enc. 363. A bicycle is a vehicle, may be used on a public highway, and is governed by the law of the road. State v. Collins, 16 R. I. 371; Thompson v. Dodge, 58 Minn. 555; Elliott, Roads & S. 331, 635. The improvement which the commissioners are authorized to make need not be for the use of all kinds of vehicles or of any certain number of them. Limitation of sidewalks to footmen is valid. Parkways may be constructed for designated vehicles. Elliott, Roads & S. 2, 7, 12, 301–305, 636, note; Boston v. City, 140 Mass. 87; Mercer v. Corbin, 117 Ind. 450; City of St. Paul v. Smith, 27 Minn. 364; G. S. 1894, §§ 1913, 6780, 7784, 7817. The public easement is not limited to any particular method of travel, but improved methods may be used. Holland v. Bartch, 120 Ind. 46; Cater v. N. W. Telephone Ex. Co., supra; Thompson v. Dodge, supra; Magee v. Overshiner, 150 Ind. 127; Carli v. Stillwater St. Ry. & T. Co., supra. The power of the legislature extends to regulation of the use of highways by omnibuses, street cars, bicycles, hacks, etc., and is usually conferred on local authority. State v. Yopp, 97 N. C. 477; State v. Collins, supra; Matter of Wright, 29 Hun, 357; Alberger v. Mayor, 64 Md. 1; Mercer v. Corbin, supra; Elliott, Roads & S. 327, 331, 614, 635; 2 Dillon, Mun. Corp. § 656; Knobloch v. Chicago, M. & St. P. Ry. Co., 31 Minn. 402; Bohen v. City of Waseca, 32 Minn. 176; Newell v. Minneapolis, L. & M. Ry. Co., 35 Minn. 112.

CANTY, J.

Laws 1899, c. 43, § 1, reads as follows:

"Any person who wilfully injures, obstructs or destroys or drives any cattle, sheep, horse, swine or other animals, team or vehicle, except a bicycle, or wilfully allows his cattle, sheep, horse, swine or other animal to be led or driven upon, or to stray along a bicycle path constructed exclusively for the use of bicyclists, except for the purpose of crossing such paths at street intersections, and at private driveways leading from the street to adjoining premises, and for the purpose of crossing such paths to and from the street and adjoining premises where necessary, shall be guilty of a misdemeanor, and on conviction thereof, be fined not less than five (5) dollars or more than fifty (50) dollars, or by imprisonment for not more than thirty (30) days, or both."

Under this section an indictment was found against the defendant by the grand jury of Hennepin county, the charging part of which indictment reads as follows:

"The said Alfred Bradford, on the 31st day of March, A. D. 1899, at the village of St. Louis Park, in said Hennepin county, then and there being, did wilfully, unlawfully, wrongfully, knowingly, and feloniously drive a team of horses attached to a sled, commonly so called, upon, over, and along that certain bicycle path constructed exclusively for the use of bicycles, said bicycle path being then and there commonly known, designated, and described as the Lake street boulevard bicycle path, which said bicycle path runs from the city of Minneapolis to Lake Minnetonka, in said county of Hennepin, at a point and place upon said bicycle path where said bicycle path runs along the northern boundary of section seventeen, in township one hundred seventeen, and range twenty-one west, in said county of Hennepin and state of Minnesota, said point and place upon said bicycle path not being a street intersection nor a private driveway leading from the street to the adjoining premises, and it not being then and there necessary for the said Alfred Bradford to drive said team of horses and sled upon, over, and along said bicycle path, at said point and place, for the purpose of crossing said bicycle path to or from the street and adjoining premises, contrary to the statute," etc.

The defendant was convicted, and appeals from an order denying a new trial.

1. It will be observed that said section 1 consists wholly of one sentence, and appellant contends that the first clause in the sentence ending with the words "except a bicycle" is wholly discon-

nected from what follows, does not make sense, or express anything, and that, therefore, this section does not make the driving of "a team or vehicle" upon such a path a crime. We cannot so hold. While the section is not very well worded, it means that "any person who wilfully * * * drives any * * * team or vehicle except a bicycle * * * upon or * * * along a bicycle path * * * shall be guilty of a misdemeanor."

`2. But the section is not expressly confined in its operation to cases of public bicycle paths, or bicycle paths constructed in public streets or highways, and bicycle paths constructed on private grounds for the use of the public, or to any of them; and according to the strict letter of the statute a person would be liable for injuring, destroying, or driving upon a private bicycle path constructed by himself upon his own land. Clearly, the legislature never intended to give the section so broad an effect, and the act must be cut down by construction so that it will apply only to cases of public bicycle paths. In our opinion, it is the duty of the court so to cut down the section by construction, and, as so construed, it is valid.

3. It appears by the evidence in this case that the bicycle path here in question was constructed by the county commissioners of Hennepin county in the summer of 1898, extends from Lake street, in Minneapolis, westward towards Lake Minnetonka, a distance of 12 miles, and was built on the south side of the traveled roadway, and within the boundaries of the public highway, in that county. The path is about eight feet wide, is separated from the ordinary traveled roadway by a shallow ditch, and the evidence shows that when the county commissioners were constructing the path they intended it for the exclusive use of bicyclists, and the manner of its construction and the use to which it has been put tend to show that it was intended for their exclusive use. But appellant contends that the board of county commissioners had no power to set apart a portion of the public highway for the exclusive use of bicyclists. Whether the county commissioners had such power prior to the passage of said chapter 43 we will not consider. That act was approved March 6, 1899, and, in our opinion, section 1 by implication ratified the act of the county commissioners in setting apart, or

attempting to set apart, a portion of the public highway for the exclusive use of bicyclists. The section also by implication authorized the county commissioners thereafter to set apart a portion of a public highway for such exclusive use.

4. But, in our opinion, the indictment is fatally defective because it does not allege that the bicycle path was constructed in, or is a part of, a public highway situated and being in Hennepin county. It is not alleged that the bicycle path is a public path, and for all that appears by the indictment the path might have been the private property of defendant, and a part of his own land. Where the statute does not sufficiently define the crime, or set forth all the elements necessary to constitute the offense intended to be punished, an indictment is not sufficient which merely follows the language of the statute. State v. Howard, 66 Minn. 309, 68 N. W. 1096; State v. Abrisch, 41 Minn. 41, 42 N. W. 543.

The order appealed from is reversed, and the case remanded, with directions to the court below to dismiss the action, and either submit the case to another grand jury, or discharge the defendant, as that court shall deem proper.

BROWN, J.

I concur in the result, but withhold my assent to the proposition that Laws 1899, c. 43, is a valid law, and to the proposition, in effect, that the law should be "cut down by construction" to make it valid. The law confers no power upon the board of county commissioners to locate or establish a bicycle path, but proceeds on the theory that such a path is already known and has a legal existence, and I object to judicially reading into the body of the law a provision giving the county commissioners such authority. The legislature of this state has never seen fit to provide for or authorize the location of bicycle paths, and, in my judgment, until such authority is given to the proper municipal authorities, or until expressly provided for in some other way, such paths can have no legal existence. The serious objection to this law is that it makes it a criminal offense for a person to trespass upon that which is not known to the law. What is a bicycle path? And when may it be said that one has been lawfully established and laid out, so as to be entitled to the protection of this law? What officer or tribu-

nal has authority to act in that behalf? The opinion of the majority members of this court confers such authority upon the board of county commissioners, but the law itself does not so read, or contain a suggestion or inference of the kind.