STATE v. EDWIN N. SAGER.[1]

July 20, 1906.

Nos. 14,866—(211).

**Abduction—Indictment.**

An indictment under section 6529, G. S. 1894, charging the defendant with feloniously taking for the purpose of marriage a named child of the age of fifteen years from the custody of its parents without their consent, is *held* to be valid, notwithstanding the following objections, for the following reasons, respectively, namely:

1. That this section is inapplicable to females who have the right to marry when they attain the age of fifteen years under section 4769, G. S. 1894, because the gist of the offense is the taking from the custody of the legal guardians and not the marrying of the child.

2. That the indictment did not show to whom it was intended that the child should be married, because it was sufficient to allege the taking for

[1]Reported in 108 N. W. 812.

the illegal purpose in the language of the statute which was sufficiently clear and definite.

3. That it did not charge defendant's intent that the child should be married before arriving at the age of sixteen years, because of the same reasons.

4. That it did not show that her parents had legal charge of her person, because the inference of legal custody follows as a matter of law from the fact of relationship, notwithstanding the presumption of innocence.

Defendant was indicted in the district court for Martin county, under section 6529, G. S. 1894, for the crime of abduction. A demurrer to the indictment was overruled by Quinn, J., who certified to the supreme court for its determination the questions set forth in the opinion. Order overruling demurrer affirmed.

*Edward T. Young,* Attorney General, *C. S. Jelley,* Assistant Attorney General, *J. E. Palmer,* County Attorney, and *E. C. Dean,* for the State.

*Albert R. Allen* and *DeForrest Ward,* for defendant.

JAGGARD, J.

The defendant was indicted of the crime of abduction, committed as follows:

> The said Edwin N. Sager, on the thirtieth day of January, 1906, at the city of Fairmont, in the county of Martin and state of Minnesota, did wilfully, unlawfully, and feloniously, and for the purpose of marriage, take one Bertha Anderson, an unmarried female child under the age of sixteen years, to wit of the age of fifteen years, from the custody and possession of Louis Anderson, and Mary Anderson, the father and mother of said Bertha Anderson, without the consent of said Louis Anderson and Mary Anderson, or either of them; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Minnesota.

To this indictment the defendant demurred. The court overruled the demurrer, and certified the questions hereafter set forth to this court.

1. One of the points certified was that section 4769, G. S. 1894, is in conflict with section 6529 under which this indictment was drawn, and

that section 6529 is inapplicable to females who have attained the full age of fifteen years. Section 4769 reads as follows:

> Every male person who has attained the full age of eighteen years, and every female who has attained the age of fifteen years, is capable in law of contracting marriage, if otherwise competent.

The material part of section 6529 is as follows:

> ` A person who takes a female under the age of sixteen years * * * without the consent of her father, mother, guardian, or other person having legal charge of her person, for the purpose of marriage, * * * is guilty of abduction.

It appears upon the face of this indictment that the female child was of the age of fifteen years, and it is conceded that it would have been no penal offense to have married her. The argument for defendant is that it was not a crime to take her, with her own consent, for the purpose of a lawful marriage. The penal statute quoted, however, is not directed to the wrong done the child by marrying her in her immature years, alike whether under or over fifteen. Its punishment is not imposed for marriage at all; conviction under section 6529 could be had, although there had been no marriage. The wrong defined by the statute is the violation of the legal rights of the persons lawfully entitled to the custody of the child. The gravamen of the offense is the taking, not the marrying. See State v. Jamison, 38 Minn. 21, 35 N. W. 712. The consent of the child is immaterial and irrelevant. She was capable, when of the age of fifteen years, or more, of consenting to marry, but she has not the power of consenting on the part of the guardian of her person, legal or natural, to the act of taking her away for the purpose of marriage. On the contrary, one certain and immediate purpose of the penal statute is to throw around females of tender years the forethought and judgment involved in their control by their guardians as a protection against premature marriages, whose significance and perils are unrealized, and whose lack of wisdom has so often been pitifully demonstrated. A time comes when a female child can exercise her own will in leaving that control and marrying whom she chooses; then her consent legally sanctions all she may do in

this regard; but until then, to take her away from the legal guardians of her person for the purpose of marriage, is punishable under the statute. The consent of the child is no defense to an indictment for abduction. 1 Cyc. 146, subd. "e"; Id. 148, subd. III; 1 Am. & Eng. Enc. (2d Ed.) 178. And see 1 Cent. Dig. cols. 384, 385, § 12.

2. Another objection of defendant certified, was that the indictment does not show to whom it was intended, on the part of defendant, that the child named in the indictment was to be married. The indictment is not void for insufficiency in this respect. An indictment which embodies the statutory language is not necessarily sufficient. If the statute does not set forth all of the elements necessary to constitute the offense intended to be punished, the indictment must allege the particular facts necessary to bring the case within the intent and meaning of the statute. State v. Howard, 66 Minn. 309, 68 N. W. 1096, 34 L. R. A. 178, 61 Am. St. 403; Cochran v. People, 175 Ill. 28, 51 N. E. 845. But, as a general rule, a charge in an indictment may be made in the words of the statute without a particular statement of facts and circumstances when by using those words the act in which an offense consists is directly and expressly alleged, without uncertainty and ambiguity. Com. v. Welsh, 7 Gray, 324; Gilfillan, C. J., in State v. Comfort, 22 Minn. 271; State v. Shenton, 22 Minn. 311; State v. Abrisch, 41 Minn. 41, 42 N. W. 543; State v. Stein, 48 Minn. 466, 51 N. W. 474; State v. Greenwood, 76 Minn. 211, 78 N. W. 1042, 1117, 77 Am. St. 632. And under statutes where the forbidden purpose is marriage, concubinage, prostitution, and the like, it is not ordinarily necessary to allege more than that the female was taken for the forbidden purpose. People v. Parshall, 6 Parker Crim. (N. Y.) 129; Haygood v. State, 98 Ala. 61, 13 South. 325; Ex parte Estrado, 88 Cal. 316, 26 Pac. 209; People v. Fowler, 88 Cal. 136, 25 Pac. 1110; 1 Cyc. 155, subd. "a."

In this case the defendant insists that "it must have not only been the purpose of the defendant that the girl should be married to some one, sometime, but it must have been his purpose 'that she should be married to some particular person, and within the prohibited period." A conviction, however, in this case may be had upon proof that the defendant intended to marry the girl himself, or intended she should be married to another person.

3. Another point of objection by defendant certified was that it was not charged by the indictment whether it was the intent and purpose of defendant at the time of the taking of the child that she should be married before arriving at the age of sixteen years. For reasons previously stated, there is no merit to this objection. See 1 Cyc. 149, subd. "f."

4. Another objection of defendant certified was that it did not appear upon the face of the indictment that the father and mother of Bertha Anderson, mentioned therein, had the legal charge of her person. It was not necessary to have so alleged. Such an averment would have been the statement of a conclusion of law. When the indictment states the relationship, the law attaches the right of custody. G. S. 1894, § 4540 (R. L. 1905, § 3834). And see State v. Jamison, 38 Minn. 21, at page 23, 35 N. W. 712, at page 713; Pruitt v. State, 102 Ga. 688, 29 S. E. 437; People v. Fowler, supra; State v. Flint, 63 Minn. 187, 65 N. W. 272; State v. Greenwood, 84 Minn. 203, 87 N. W. 489.

Counsel for defendant has ingeniously argued that the presumption of innocence rebuts any presumption that the parents had legal charge. In support of this he cites authorities in which it appears that the presumption of innocence may balance another presumption and leave nothing established (1 Bishop, Crim. Proc. § 1106), as with respect to the presumption of chastity (Zabriskie v. State, 43 N. J. L. 640, 39 Am. Rep. 610; Com. v. Whittaker, 131 Mass. 224), or of the continuance of life (Squire v. State, 46 Ind. 459), or of marriage and the charge of bigamy (Green v. State, 21 Fla. 403, 58 Am. 670). The presumption of innocence does not, however, repeal the statute nor alter the fundamental law as to the relationship of parent and child. That presumption would avail if the state should not allege, or if on trial it should not prove, the facts of relationship from which the legal inference of the rights of custody arise. The state having alleged such facts, it became a matter of defense that the parents had not the rights of custody for any reason. Averment and proof of legal custody are necessary only when the child is taken from some other person than the parent or guardian. Ex parte Estrado, supra.

Affirmed.