[No. 10,126.]

## THE PEOPLE v. L. RODERIGAS.

ENTICING A FEMALE TO A HOUSE OF ILL-FAME.—An indictment for enticing an unmarried female to a house of ill-fame for purposes of prostitution must allege, and the prosecution must prove, on the trial, that such female was of previous chaste character.

IDEM.—Proof in such case that the female was of previous chaste character need not be made by evidence directly upon the point, but may be shown, *prima facie*, by presumption from other facts.

SEDUCING A FEMALE.—To seduce a female is not an offense within the meaning of the two hundred and sixty-sixth section of the Penal Code, which makes it a crime to procure any female to have illicit carnal connection with any man.  The Act refers to one who procures the gratification of the passion of lewdness in another.

APPEAL from the County Court, Santa Clara County.

The facts are stated in the opinion.

*John L. Love*, Attorney-General, and *James H. Campbell*, for the Appellant, cited *Crozier* v. *The People*, 1 Park. C. R. Supreme Court of New York, 453; and *People* v. *Kane*, 14 Abbott's Pr. R. 15.

*C. N. Terry*, for the Respondent.

By the Court, WALLACE, C. J.:

The indictment in this case is founded upon the Act of March 1st, 1872 (Statutes 1871–2, p. 184), which Act, for the purposes of this case, may be considered as identical with section two hundred and sixty-six of the Penal Code. The indictment alleges that the defendant willfully and feloniously, and by false pretenses and fraudulent representations did, on a day therein mentioned, inveigle and

entice a certain unmarried female, in the indictment named, under the age of eighteen years, to wit, of the age of sixteen years, from her home in the city of San José to the town of Santa Clara, for the purpose of prostitution, and did on said day, at a certain hotel, in the said town of Santa Clara, by and through his false pretenses, and fraudulent representations, procure the said female to have illicit carnal connection with himself, the said defendant, contrary to the form of the statute, etc.

The defendant interposed a demurrer, which, having been sustained by the Court below, and the prisoner discharged, this appeal is prosecuted by the people. The grounds of the demurrer were: that it is not alleged in the indictment that the female therein mentioned was of previous chaste character; that the facts stated do not state a public offense; and "that the complaint does not state facts sufficient to constitute a cause of action."

1. To entice a female into a house of ill-fame, or elsewhere, for the purposes of prostitution, is not an offense under the two hundred and sixty-sixth section of the Penal Code, nor under the provisions of the Act of March 1st, 1872 (p. 380), unless such female was of previous chaste character. Character in this respect is a fact, and one which must be alleged in the indictment, and established by the prosecution, in order to a conviction of the accused. It need not, however, be proven by evidence given directly upon the point, but may be shown *prima facie*, by presumption from other facts and circumstances attending the transaction; as, for instance, that the unmarried female—the subject of the injury—was at the time residing with her parents, or other relatives, or her guardian, or in some respectable household, or by proof of other like circumstances consistent with, and the usual concomitants of, chaste female character. But by whatever evidence it may be proven in the case, the fact of previous chaste character must be alleged in the indictment. It is not a presumption of mere law, to be indulged against the counter presumption of the innocence of the prisoner on trial upon a charge of crime committed. We are of opinion, therefore, that

the indictment in question, omitting as it does to allege that Carlotta Lopez was a female of previous chaste character, is insufficient under the first clause of the statute.

2. Nor do we think that it can be supported under the last clause of the Act referred to. The facts stated in the indictment in this respect (even assuming Carlotta Lopez to have been of previous chaste character), amount to a charge of seduction, and do not import a crime under that clause. To "procure a female to have illicit carnal connection with any man," is the offense of a procurer or procuress—of a pander. This is the natural meaning of the words—the fair import of the terms of the statute—and, in our opinion, this construction effects the objects had in view by the law-makers in its enactment. The argument for the people is that, as a seducer is a person who prevails upon a female—theretofore chaste—to have illicit carnal connection with himself, he is thereby brought within the mere words of the statute, and so made liable to the punishment it inflicts. But we think that this view cannot be maintained by any rule of fair interpretation. The statute uses the word procure—"procures." The recognized meaning of this word, in the connection in which it appears in the statute, refers to the act of a person "who procures the gratification of the passion of lewdness for another." This is its distinctive signification, as uniformly understood and applied. The subsequent words "with any man" ("procures any female to have illicit carnal connection with any man"), therefore, so far from being inconsistent with this construction, lend it support.

It would be to utterly disregard the relations which these words bear to the remainder of the sentence in which they occur, and to indulge in a most latitudinarian construction, should we hold that they include and apply to the defendant in this case. He cannot, under the facts stated in the indictment, be considered to have been both procurer and seducer at the same time, and in one and the same instance, without utterly confounding distinctions and definitions well established, and universally recognized.

It results that the Court below correctly sustained the demurrer, and its judgment must be affirmed. So ordered.

Mr. Justice McKINSTRY did not express an opinion.