52   526
127   409

### Osborn v. The State.

CRIMINAL LAW.—*Indictment.*—*Abduction of Female for Purpose of Prostitution.* An indictment charging the defendant with the abduction of a female "for the purpose of having illicit sexual intercourse with her" does not charge an abduction of a female "for the purpose of prostitution," within the meaning of the statute, 2 G. & H. 441, sec. 16.

From the Franklin Circuit Court.

*H. Berry, F. Berry* and *W. H. Bracken,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

WORDEN, J.—The appellant was tried, convicted and sent to the state prison upon the following indictment, its sufficiency having been properly questioned, viz.:

"The grand jurors," etc., "in the name and by the authority of the State of Indiana, upon their oath present and charge that on or about the 15th day of January, A. D. 1875, at and in the county of Franklin and State of Indiana, one James T. Osborn unlawfully and feloniously enticed away one Alvaretus Faurote, a female of previously chaste character, from said county of Franklin, in the State of Indiana, to the city of Jeffersonville, in the county of Clarke, in said State of Indiana, for the purpose of having illicit sexual intercourse with her, the said Alvaretus Faurote, contrary to the form of the statute," etc.

The indictment is based upon the following statutory provision, viz.:

Osborn v. The State.

"If any person shall entice or take away any female ot previous chaste character, from wherever she may be, to a house of ill fame, or elsewhere, for the purpose of prostitution, and every person who shall advise or assist in such abduction, shall be imprisoned in the state prison not less than two nor more than five years, or may be imprisoned in the county jail not exceeding one year, and be fined not exceeding five hundred dollars; but in such case the testimony of such female shall not be sufficient unless supported by other evidence, corroborating to the same extent as is required in cases of perjury as to the principal witness." 2 G. & H. 441, sec. 16.

It will be seen by the indictment that the appellant is charged with having abducted the female "for the purpose of having illicit sexual intercourse with her," and not "for the purpose of prostitution," as is provided for by the statute. The question arises whether the facts charged come within the statute. We are of opinion, upon an examination of the authorities, that they do not.

The first case to which our attention has been called is that of *Commonwealth* v. *Cook*, 12 Met. 93. There Cook was indicted under a statute quite similar to our own. The court say, in speaking of the point here involved (p. 98): "The court are of opinion, that the offence made punishable by this statute is something beyond that of merely procuring a female to leave her father's house for the sole purpose of illicit sexual intercourse with the individual thus soliciting her to accompany him; that she must be enticed away with the view, and for the purpose, of placing her in a house of ill fame, place of assignation, or elsewhere, to become a prostitute, in the more full and exact sense of that term; that she must be placed there for common and indiscriminate sexual intercourse with men; or, at least, that she must be enticed away for the purpose of sexual intercourse by others than the party who thus entices her; and that a mere enticing away of a female, for a personal sexual inter-

course, will not subject the offender to the penalties of this statute."

The next case is that of *Carpenter* v. *The People*, 8 Barb. 603. In that case, Carpenter was prosecuted under a similar statute, and the court came to the same conclusion as that arrived at in Massachusetts, though the Massachusetts case is not therein mentioned. The court say (p. 611):

"We are entirely clear that by the expression in question" (prostitution), "as used in the statute, it was intended that in order to constitute the offence thereby created, the abduction of the female must be for the purpose of her indiscriminate, meretricious commerce with men. That such must be the case to make her a prostitute, or her conduct prostitution, within the act."

Following these cases is that of *The State* v. *Ruhl*, 8 Iowa, 447. The latter was also a prosecution, under a similar statute, for enticing away a female for the purpose of prostitution. There was evidence of a purpose on the part of the defendant "to seduce and enjoy the body of the said Matilda" (the female), "and that he had taken her away, in order to have carnal intercourse with her, and did so enjoy her person; but there was no testimony that he proposed that she should be carnally enjoyed by others, nor that she should be devoted to promiscuous carnal intercourse, nor that he took her, or purposed taking her, to any house of prostitution." On these facts the defendant asked the following instruction, which was refused, viz.:

"If the defendant only intended to obtain the body of the said Matilda, for his own personal carnal enjoyment, and no more, then the act did not amount to her prostitution, in the sense of the law."

It was held that the charge should have been given, that the word "prostitution" means common, indiscriminate, illicit intercourse, and not sexual intercourse confined exclusively to one man. To the same effect is the still later case of *State* v. *Stoyell*, 54 Maine, 24.

In view of these authorities, we think it clear that the

indictment does not charge the abduction of the female " for the purpose of prostitution," within the meaning of the statute.

The judgment below is reversed, and the cause remanded, with instructions to the court below to sustain the motion to quash the indictment.

The clerk will give the proper notice for the return of the prisoner.