## SULLIVAN.

---

### STATE *v.* BROW.

An indictment upon Gen. Laws, c. 274, s. 10, is not sustained by proof that the defendant enticed away a female child under the age of eighteen years for the purpose of illicit intercourse with himself.

INDICTMENT, upon Gen. Laws, c. 274, s. 10, for wilfully and deceitfully enticing away a female child under the age of eighteen years, with the intent and for the purpose of prostitution.

The evidence for the government tended to show that the defendant enticed the person named in the indictment, a girl of the age of sixteen years, from her home in Newport, in this county, and unlawfully cohabited with her, as his wife, under assumed names, at several places in Massachusetts, for five or six days.

The defendant requested the court to instruct the jury that if he only intended to obtain the girl for his own carnal enjoyment, the act did not amount to her prostitution in the sense of the law; that the term "prostitution," as used in the statute, means common, indiscriminate, illicit intercourse, and not sexual intercourse confined exclusively to one man.

The court declined to give the instructions requested, and instructed the jury that if the girl was enticed away by the defendant with the intent and for the purpose of maintaining and continuing unlawful sexual relations with her for an indefinite period, and living with her in a condition of concubinage or criminal cohabitation, she was enticed away for purposes of prostitution within the meaning of the statute.

The jury returned a verdict of guilty, and the defendant was sentenced to the state prison and committed. The defendant excepted to the refusal to give the instructions requested, and to the instructions given, and filed this bill of exceptions, which was allowed.

*H. W. Parker*, and *Davis & Enright* (of Vermont), for the defendant. The defendant was lawfully entitled to the instruction asked for. " If any person shall wilfully and deceitfully entice or carry away any female child under the age of eighteen years, with the intent or for the purpose of prostitution, he shall be punished," &c. G. L., c. 274, s. 10.

Prostitution is defined in Rapalje & Lawrence's Law Dict. 1029, " Harlotry; whoredom; permitting promiscuous sexual intercourse for the sake of gain." Webster defines the word, " The act or practice of offering the body to an indiscriminate intercourse with men; common lewdness of a female." " Harlotry. The trade or practice of prostitution; habitual or customary lewdness; prostitution."—Webster. " Prostitution. The common lewdness of a woman for gain. The practice of a strumpet."—Worcester. Concubinage, on the other hand, means " Cohabitation of a man with a woman not his wife." 1 Rapalje & Lawrence's Law Dict. 255.

Statutes identical in terms with this have been judicially construed in other states; and to show the force and application of those decisions to the case at bar, we submit copies of the statutes and the substance of the decisions under them.

The Maine statute is,—" Whoever fraudulently and deceitfully entices or takes away an unmarried female from her father's house, or wherever else she may be, for the purpose of prostitution at a house of ill-fame, assignation, or elsewhere, and whoever aids and assists in such abduction or secretes such female for such purpose, shall be punished," &c. Acts of 1861, c. 4.

In *State* v. *Stoyell*, 54 Me. 24, the court held that proof that the defendant, by false representations, persuaded an unmarried female to go with him to a neighboring town, and there, having induced partial intoxication, had repeated sexual intercourse with her, will not support an indictment for enticing her away for the purpose of prostitution.

The Massachusetts statute (Gen. St., c. 165, s. 2) is identical in language, so far as these clauses are concerned, with the Maine

statute above quoted. In *Commonwealth* v. *Cook*, 12 Met. 93, the court held that to bring a case within its provisions the woman must be taken away for the purpose of leading her to indiscriminate, meretricious commerce with men, to make a prostitute of her; and that such a statute did not apply to a case of a man's enticing a woman to leave her place of abode for the purpose of illicit sexual intercourse with him.

The New York statute is,—"Any person who shall inveigle, entice, or take away any unmarried female of previous chaste character, under the age of twenty-five, from her father's house, or wherever she may be, for the purpose of prostitution at a house of ill-fame, assignation, or elsewhere, shall be punished," &c. Laws of 1848, *c.* 105.

In *Carpenter* v. *People*, 8 Barb. 603, the court held that the statute was not violated unless the inveigling, enticing, or taking away of the unmarried female, &c., be for the purpose of prostitution,—that is, for the purpose of her indiscriminate, meretricious commerce with men, to make a prostitute of her. See, also, *People* v. *Parshall*, 6 Park. Cr. Cas. 129, for the distinction between abduction for the purpose of prostitution, concubinage, or marriage.

Counsel also quoted the statutes of Illinois, Indiana, and Iowa, and referred to *Slocum* v. *People*, 90 Ill. 274; *Osborn* v. *State*, 52 Ind. 526; *State* v. *Ruhl*, 8 Iowa 447.

*S. L. Bowers*, *Solicitor*, and *The Attorney-General*, for the state. Worcester gives as one of the definitions of the word to prostitute, "to appropriate or devote to a bad use;" "to corrupt;" "to make vile." In enticing away this girl for the purpose of illicit intercourse with himself for an indefinite period, the defendant prostituted her and corrupted her as effectually as though he had taken her to a house of ill-fame. A female is prostituted when her body is subjected to the use and intercourse of any man not her husband. Her chastity, her good name and reputation, are blasted. If the design of the defendant was to take this girl to some place for the purpose of living with her in a state of illicit intercourse, such conduct, we claim, was a clear violation of the statute. This is the usual and ordinary meaning of the word, and is sustained by judicial authority. See *Walker* v. *Perkins*, 1 W. Bl. 519, where this same phrase, "for the purpose of prostitution," was used in the sense of illicit intercourse for an indefinite period with one man. See, also, *Walker* v. *Perkins*, 3 Bur. 1569, and *Shenk* v. *Mingle*, 13 S. & R. 32.

Doe, C. J. The defendant's purpose of keeping the girl as his mistress was not "the purpose of prostitution" within the meaning of Gen. Laws, *c.* 274, *s.* 10.

*Exceptions sustained.*

Clark, J., did not sit: the others concurred.