98 | 61
110 | 47

# Haygood *v.* The State.

*Indictment for taking girl under fourteen years of age from her mother, for the purpose of prostitution.*

1. *§ 3744 of Code—"for purpose of prostitution," construed.*—A charge "that if the defendant took a girl under fourteen years of age from her mother to a certain place, there to have sexual intercourse with a male, and did in fact shut her up in a house for some hours with him, (who then and there did have sexual intercourse with her) for such purpose, this was prostitution within the statute," is an erroneous construction of the statute.

2. *Procuring female for single act of intercourse*—The court erred in refusing the charge: "The court charges the jury, that if they believe from the evidence that all the defendant did was to procure the girl, Minna Jones, to go to Riverside Park for the purpose of having sexual intercourse with one S., and that she in fact had sexual intercourse with him but one time, they must acquit the defendant."

3. *What is "prostitution" under § 3744 of Code.*—This court cites with approval, *Commonwealth r. Cook*, 12 Metc. 93. [Mass.] which declares that the offense is something beyond that of merely procuring a female to leave her father's house for the sole purpose of illicit intercourse with an individual soliciting her; it must be for the purpose of putting her in a house of ill-fame, or elsewhere, to become a prostitute in the full sense of that term—placed there for common, indiscriminate sexual intercourse with men,

FROM the City Court of Montgomery.
Tried before Hon. THOMAS M. ARRINGTON.

GORDON McDONALD, and J. W. THORINGTON, for appellee.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—The defendant was indicted and convicted under section 3744 of the Code of 1886, which declares that "any person, who takes any girl under fourteen years of age from her father, mother, guardian, or other person having the legal charge of her, for the purpose of prostitution, concubinage, or marriage, must, on conviction, be imprisoned in the penitentiary for not less than two years." The charge in this indictment is, "that Mary Haygood did unlawfully take one Minna Jones, a girl under the age of fourteen years, from her mother, for the purpose of prostitution."

The testimony, if believed, proves that defendant did in-

duce Minna Jones to leave the home of her mother, and go with her, the said Mary Haygood, to an unoccupied house some distance away, for the purpose of there meeting one S., and having sexual intercourse with him ; and that this purpose was carried into execution. There is no testimony which proves, or tends to prove, that defendant, in all or any thing she is proven to have done, had any purpose other than to bring the said S. and the said Minna Jones together on the one occason, and in the unoccupied house, that they might have sexual intercourse.

Exceptions were severally reserved by defendant to charges given by the court, and to the refusal of charges asked by and for the defendant. They all raise the single inquiry, whether the testimony, if entirely believed, justified a conviction of the offense charged. The following charge given by the court, of its own motion, and excepted to by defendant, presents the question, "If the defendant took the child from her mother to Riverside Park for the purpose of having sexual intercourse with one S., and did in fact shut her up in a house for some hours with said S., (who then and there did have sexual intercourse with her), for such purpose, this was prostitution within the statute."

The defendant asked the following charges, which were refused : (1.) "The court charges the jury, that if they believe from the evidence that all the defendant did was to procure the girl, Minna Jones, to go to Riverside Park for the purpose of having sexual intercourse with one S., and that she in fact had sexual intercourse with him but one time, they must acquit the defendant." (3.) "That if the defendant only intended to obtain the body of said Minna Jones for one S., for his own personal enjoyment, and no more, then this did not amount to prostitution in the sense of the law."

In the case of *State v. Stoyell,* 54 Maine, 24, the court used this language : "Worcester · defines prostitution thus, " to offer to a common, lewd use ; to make a prostitute of ; to corrupt." 'Do not prostitute thy daughter.'—Lev. XIX, 29. A prostitute is a female given to indiscriminate lewdness for gain. In its most general sense, prostitution is setting oneself to sale, or of devoting to infamous purposes which is in one's power. In its more restricted sense, it is the practice of a female offering her body to an indiscriminate intercourse with men." The principle of this case is thus expressed in the head-note : "Proof that the defendant by false representations, persuaded an unmarried female to go with him to a neighboring town, and there having induced partial in-

[Blackburn v. The State.]

toxication, had repeated sexual intercourse with her, will not support an indictment for enticing her away for the purpose of prostitution."

In the case of *Carpenter v. People*, 8 Barb. 603, the court employs this language : "We are entirely clear, that by the expression in question, as used in the statute, it was intended that in order to constitute the offense thereby created, the abduction of a female must be for the purpose of her indiscriminate meretricious commerce with men. That such must be the case to make her a prostitute, or her conduct prostitution, within the act.

In *Commonwealth v. Cook*, 12 Metc. 93, the Supreme Court of Massachusetts, in construing a statute similar to ours, thus expressed the unanimous opinion of the Court : "The Court are of the opinion, that the offense made punishable by this statute is something beyond that of merely procuring a female to leave her father's house, for the sole purpose of illicit sexual intercourse with the individual thus soliciting her to accompany him ; that she must be enticed away with the view, and for the purpose of placing her in a house of ill fame, place of assignation, or elsewhere, to become a prostitute in the full and exact sense of that term ; she must be placed there for common, indiscriminate sexual intercourse with men ; or, at least, that she must be enticed away for the purpose of intercourse by others than the party who thus entices her ; and that a mere enticing away of a female, for a personal intercourse, will not subject the offender to the penalties of this statute."

The foregoing principles are fully supported by the following cases. *State v. Ruhl*, 8 Clark (Iowa) 447 ; *Osborn v. State*, 52 Ind. 526 ; *Slocum v. People*, 90 Ill. 274.

The City Court erred in the several rulings noted above.
Reversed and remanded.