PEOPLE, PLAINTIFF AND APPELLEE, *v.* MALDONADO, DEFENDANT AND APPELLANT.

APPEAL from the Second District Court of San Juan in a Prosecution for Violation of Section 260 of the Penal Code.

No. 2091.—Decided July 26, 1923.

RAPE—PROSTITUTION.—The crime of prostituting unmarried minor females defined and penalized by section 260 of the Penal Code is not necessarily included in the crime of rape; therefore, a judgment convicting a person of the former crime when he is charged with rape is erroneous.

The facts are stated in the opinion.

*C. Iriarte, Jr.,* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

An indictment of a grand jury charged Margarito Maldonado with the crime of rape committed upon the person of Monserrate Olmo. The defendant pleaded not guilty and the case was tried to the court without a jury.

Monserrate Olmo testified in substance that she had been called by Paula Hernández to take a bucket of water out of

a cistern in a covered place inside of a certain house in Bayamón; that she complied and when she reached the place she found herself alone with Maldonado who raped her by force. Her testimony was full and detailed. Dr. Rodríguez examined Monserrate Olmo and found her hymen ruptured. Justa Olmo, an elder sister of Monserrate, described in great detail how her sister of seventeen years of age came home crying, with her clothes stained with blood, and told her what had happened. Their mother had died a short time before and Justa had to relate the occurrence to their father who complained of it to the court. Paula Hernández denied that she had called Monserrate and contended that the latter's testimony was not true. On the day of the occurrence José Alvarez saw Monserrate coming out of the shop of the accused crying. Evaristo Moreno testified that he saw the same.

The case was thus submitted to the court and the following judgment was rendered on February 7, 1923:

"That the defendant Margarito Maldonado having been duly tried by the court without a jury and found guilty of a violation of section 260 of the Penal Code, in pursuance of its judgment of the 31st of January, 1923, the court sentences the said Margarito Maldonado to three months in jail and a fine of $300."

The defendant appealed and alleged that the court erred in finding him guilty of a crime with which he had not been charged and of which there was no proof. The *Fiscal* admits that the error was committed.

Section 260 of the Penal Code reads as follows:

"Every person who inveigles or entices any unmarried female, of previous chaste character, under the age of twenty-one years, into any house of ill fame or of assignation, or elsewhere, for the purpose of prostitution, or to have illicit carnal connection with any man; and every person who aids or assists in such inveiglement or enticement; and every person who, by any false pretenses, false representation, or

other fraudulent means, procures any female to have illicit carnal connection with any man, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in jail not exceeding one year or by a fine not exceeding one thousand dollars, or by both such fine and imprisonment. Any person who shall wilfully and lewdly commit any lewd or lascivious act, other than the acts constituting other crimes provided for in the Penal Code, upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the penitentiary not to exceed five years.''

The text of that section shows clearly that the crime which it defines and penalizes is not included within the crime of rape and, therefore, that the error committed by the court is evident. The evidence was absolutely consistent with the indictment.

The crime of rape consists in the direct act of the accused in lying with a woman who is not his wife in the various cases specified in section 255 of the Penal Code.

The crimes comprised in the first part of section 260 of the Penal Code, which alone is pertinent, are those committed not by the person who directly performs the carnal act, but by those depraved beings who engage in the corruption of women so that other men may satisfy upon them their lascivious appetites.

Even supposing that there was a previous agreement between the defendant and Paula Hernández, the latter and not the defendant would be the culprit, independently of the crime perpetrated by the defendant, in the offense defined and penalized by said section 260. In the case of *People* v. *Roderigas,* 49 Cal. 9, the Supreme Court of that state held as follows:

''To procure a female to have illicit carnal connection with any man is the offense of a procurer or procuress—of a pander. The word 'procures,' as used in the statute, refers to the act of a person

who procures the gratification of the passion of lewdness for another. A person who induces a female of previous chaste character to have illicit carnal connection with himself is not one who 'procures any female to have illicit carnal connection with any man.' ''

It seems proper to cite the following jurisprudence contained in a note at the foot of section 266 of the Penal Code of California, equivalent to section 260 of the Code of Porto Rico, in the Codes of California Annotated,—Penal Code,— by Pomeroy, as follows:

''To constitute the offense of enticing an unmarried female under the age of eighteen into a house of ill-fame for the purpose of prostitution, there must be an intention to reduce the female to a condition of either common prostitution or concubinage: Slocum v. People, 90 Ill. 274. The kind and extent of seductive arts which will satisfy the law in such case do not depend upon any absolute rule. If the inducements held out do, as a matter of fact, entice such a female into a house of ill-fame or assignation, or elsewhere for the purpose of prostitution, the offense is complete: Slocum v. People, 90 Ill, 274. The enticing away, however, for the purpose of having illicit intercourse with the individual thus soliciting her to accompany him is not sufficient to constitute the offense. It must be an enticing away, with the view and for the purpose of placing her in a house of ill-fame, place of assignation, or elsewhere, to become a prostitute in the more full and exact sense of that term. She must be placed there for common and indiscriminate sexual intercourse with men, or she must be enticed away for the purpose of sexual intercourse by other than the party who thus entices her: People v. Roderigas, 49 Cal. 9; Commonwealth v. Cook, 12 Met. 93; Carpenter, 8 Barb. 603; State v. Stoyell, 54 Me. 24; 89 Am. Dec. 716; Osborne v. State, 52 Ind. 526.''

By virtue of all of the foregoing the judgment appealed from should be reversed and the case remanded to the district court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.