EL PUEBLO, DEMANDANTE Y APELADO, *v.* MALDONADO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Distrito Segundo, en causa por infracción al artículo 260 del Código Penal.

No. 2091.—Resuelto en julio 26, 1923.

VIOLACIÓN—PROSTITUCIÓN DE MENORES SOLTERAS—CONFUSIÓN DE DELITO MENOR EN DELITO MAYOR (*Merger*).—El delito de prostitución de mujeres solteras

menores de edad que define y castiga el artículo 260 del Código Penal no está necesariamente comprendido en el de violación, por lo que es errónea una sentencia que declaró culpable del delito primeramente expresado a un acusado de violación.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Iriarte, Jr.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Mediante información del Gran Jurado se acusó a Margarito Maldonado como autor de un delito de violación cometido en la persona de Monserrate Olmo. Alegó el acusado su inocencia y la vista de la causa se celebró ante el tribunal de derecho.

Declaró Monserrate Olmo y en resumen dijo que había sido llamada por Paula Hernández para que le sacara una lata de agua de un algibe que estaba en el interior de cierta casa en Bayamón en un sitio cubierto, que accedió y una vez dentro se encontró a solas con Maldonado quien a la fuerza, la violó. La declaración es amplia y detallada. El Dr. Rodríguez reconoció a Monserrate Olmo encontrando roto el himen. Justa Olmo, hermana de Monserrate, describió con lujo de detalles cómo llegó su hermana, de diez y siete años de edad, llorando, con las ropas manchadas de sangre y le contó lo acaecido. Ella era la hermana mayor, habían perdido la madre hacía poco y fué la encargada de comunicar el hecho al padre, que lo denunció a la justicia. Paula Hernández negó que hubiera llamado a Monserrate y sostuvo que lo dicho por ella no es la verdad. José Alvarez vió el día del suceso a Monserrate salir de la tienda del acusado llorando, e igual declaración prestó el testigo Evaristo Moreno.

Así quedó el caso sometido a la corte que dictó el 7 de febrero último la siguiente sentencia:

"Que habiendo sido el acusado Margarito Maldonado juzgado

debidamente por el tribunal de derecho y por el mismo declarado culpable de un delito de infracción al Artículo 260 del Código Penal, la Corte, en cumplimiento de su fallo del propio día 31 de enero de 1923, debe condenar y condena a dicho Margarito Maldonado a sufrir la pena de tres meses de cárcel y trescientos dólares de multa.''

Apeló el acusado y alegó que la corte había errado al declararlo convicto de un delito que no se le había imputado y del cual no existía prueba alguna. El fiscal está conforme en el error cometido.

El artículo 260 del Código Penal dice:

''Toda persona que por medio de amaños indujere o engañare a una mujer soltera, de menos de veinte y un años de edad, reputada hasta entonces por pura, a entrar en alguna casa de lenocinio, o en cualquiera otra parte, con objeto de prostituirla, o de que tenga contacto carnal ilícito con cualquier hombre, o que ayudare o cooperare a tal seducción o engaño; o que valiéndose de ardides, engaños u otros medios fraudulentos, consiguiere que una mujer tenga comercio carnal ilícito con cualquier hombre, incurrirá en pena de presidio por un término máximo de cinco años, o de cárcel por un término máximo de un año o de multa máxima de mil dollars, o de ambas penas.

''Toda persona que maliciosamente cometiere cualquier acto impúdico o lascivo, fuera de los que constituyeren otros delitos previstos en el Código Penal, con un niño menor de catorce años de edad, o con el cuerpo de dicho niño o cualquiera parte o miembro del mismo, con la intención de despertar, incitar o satisfacer la impudicia, pasiones o deseos sexuales de dicha persona o de dicho niño, será culpable de delito grave (*felony*) y recluído en la penitenciaría por un período que no excederá de cinco años.''

Basta una simple lectura del precepto legal transcrito, para concluir que el delito que prevé y castiga no está comprendido en el de violación y que por tanto el error cometido por la corte es evidente. La prueba fué en absoluto congruente con la acusación.

El delito de violación consiste en el acto directo del acu-

sado al yacer con una mujer que no es su esposa en los varios casos que especifica el artículo 255 del Código Penal.

Los delitos que comprende el párrafo primero del artículo 260, que es el único pertinente, son los cometidos no por la persona que directamente realiza el acto carnal, sino por aquellos seres depravados que se dedican a corromper mujeres para que otros hombres satisfagan en ellas sus apetitos lascivos.

Aun cuando se partiera de la base de un previo acuerdo entre el acusado y Paula Hernández, ésta y no el acusado sería la culpable, independientemente del delito perpretado por el acusado, de la ofensa prevista y castigada en el artículo 260. En el caso de *El Pueblo* v. *Roderigas,* 49 Cal. 9, la Corte Suprema de dicho estado decidió:

"El conseguir a una mujer para que tenga contacto carnal ilícito con cualquier hombre es el delito de un alcahuete o una celestina. La palabra 'consiguiere,' tal como está usada en el estatuto, se refiere al acto de una persona que consigue para otra la satisfacción de una pasión lasciva. Una persona que induce a una mujer reputada hasta entonces por pura, a que tenga contacto carnal ilícito con dicha persona, no cae dentro de la frase relativa a quien 'consiguiere que una mujer tenga comercio carnal ilícito con cualquier otro hombre.'"

Parece conveniente citar la siguiente jurisprudencia contenida en una nota que figura al pie del artículo 266 del Código Penal de California, que corresponde al 260 del de Puerto Rico, en la obra "Codes of California Annotated,—Penal Code,"—por Pomeroy. Dice así:

"Para que quede constituído el delito de instigar a una mujer soltera menor de diez y ocho años a entrar en una casa de lenocinio para fines de prostitución, debe existir una intención de reducir a dicha mujer a un estado de prostitución común o de concubinato: *Slocum* v. *People,* 90 Ill. 274. La clase y proporciones de los artificios de seducción, que son necesarias para la aplicación de la ley en tales casos, no dependen de regla alguna abso-

luta. Si los alicientes ofrecidos de hecho incitan a tal mujer a entrar en una casa de lenocinio o de citas, o en cualquier otro lugar, para fines de prostitución, el delito queda completo: *Slocum v. People,* 90 Ill. 274. Sin embargo, el llevarse a una mujer con el fin de que tenga contacto carnal ilícito con el individuo que así solicita que ella lo acompañe no es suficiente para constituir el delito. Debe ser un rapto con el objeto y propósito de colocarla en una casa de lenocinio o de citas, o en algún otro lugar, para que se convierta en una prostituta, en el más amplio y justo sentido de la palabra. Debe ser colocada allí para el comercio carnal con hombres sin distinción y en común, o debe ser raptada con el fin de que tenga contacto carnal con personas distintas al raptor: People *v.* Roderigas, 49 Cal. 9; Commonwealth *v.* Cook, 12 Met. 93; Carpenter, 8 Barb. 603; State *v.* Stoyell, 54 Me. 24; 89 Am. Dec. 716; Osborne *v.* State, 52 Ind 526.''

Por virtud de todo lo expuesto debe revocarse la sentencia apelada y la causa devolverse a la corte de distrito de su origen para ulteriores procedimientos no inconsistentes con esta opinión.

*Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres Asociados Wolf, Aldrey, Hutchison y Franco Soto.