(136 So. 868)

## PINSON v. CITY OF BIRMINGHAM.

### 6 Div. 862.

Court of Appeals of Alabama.
April 7, 1931.

Rehearing Denied Oct. 6, 1931.

R. L. Polk, of Sheffield, for appellant.

John E. Deloney, Jr., of Tuscumbia, for appellee.

RICE, J.

R. M. Montgomery, of Birmingham, for appellant.

W. J. Wynn and Ralph E. Parker, both of Birmingham, for appellee.

**BRICKEN, P. J.**

This case originated in the recorder's court of the city of Birmingham, wherein this appellant (a woman) was tried and convicted for the violation of a certain penal ordinance of said city. She appealed to the circuit court and was there tried by a jury upon a complaint filed by the city. The complaint contained one count only, and charged that the acts complained of were contrary to and in violation of section 1451 of the City Code of Birmingham.

Section 1451 of the 1917 Code of the City of Birmingham, which section was in force and effect at the time of the alleged commission of the offense complained of in this prosecution, reads as follows: "Sec. 1451. If any officer, agent, manager, operator or user of any telephone or telegraph line operating in this City, or any other person shall use any improper, vulgar or profane language over such telephone or telegraph line, he shall on conviction thereof, be punished as provided in Section 1216 of the Code of Alabama."

■ Upon being arraigned in the circuit court, where the case was tried de novo, the defendant pleaded not guilty as charged, and this plea placed upon the prosecution the burden of proving the defendant's guilt beyond a reasonable doubt as charged in the complaint.

From certain other averments in the complaint, as well as from the character of testimony adduced upon the trial, we are led to the conclusion that an inadvertence occurred in the drafting of the complaint and in the designation of the particular ordinance alleged to have been violated by the accused. In the record and in briefs of respective counsel it clearly appears that the ordinance alleged to have been violated was "section 1451 of the City Code of Birmingham."

■ This court, of course, must pass upon the record as here submitted and cannot by intendment, or otherwise, alter, change, or correct it.

■ Upon the trial of this case there was no evidence tending to sustain the charge of a violation of section 1451 of the City Code of Birmingham by this appellant; she was therefore entitled to the affirmative charge requested in writing, the refusal of which was made the basis of assignment of error No. 1. This assignment must be sustained.

Under this status other questions presented need not be discussed.

Reversed and remanded.

### On Rehearing.

■ The "due process of law," provided by the Constitution, contemplates, in a criminal prosecution, a legal and valid accusation, whether by affidavit and complaint, or by indictment; and the accused is called upon to answer only the specific charge therein contained. It is the settled law, long established, that every person accused of crime has the right to be informed of the nature of the accusation against him. This right requires that the offense must be set out with clearness and all necessary certainty to apprise the accused of the crime of which he stands charged. Even a "wayfarer and a fool" (expression used by counsel for the city) is not called upon to cast about in order to ascertain the "nature and cause of the accusation against him," where, as is apparent in the case at bar, the indifference, carelessness, or neglect of the framer of the complaint charges offense as of a violation of a certain specifically designated ordinance; and upon trial seeks a conviction of an entirely different nature

**484**

and under an entirely different ordinance of said city.

As to the merits of the case, we are of the opinion that the court below erred to a reversal in refusing to exclude the city's evidence; also in refusing to appellant the general affirmative charge; and in overruling the motion for a new trial. Under the law the facts adduced upon the trial failed to make out the offense charged, and was wholly insufficient to sustain a conviction for the offense which counsel for appellee, in brief on rehearing, asserts was the one intended to be charged in the complaint.

■ The complaint upon which appellant was tried and convicted in the circuit court is as follows: "Comes the City of Birmingham, a Municipal corporation and complains that Ira Pinson a female within twelve months before the beginning of this prosecution and within the police jurisdiction of said City of Birmingham did use indecent, or. lascivious language, or gestures, or behavior to induce another person to prostitution contrary to and in violation of Section 1451 of the City Code of Birmingham."

This complaint does not properly charge the offense denounced by section 1457 of the City Code of Birmingham. Said section is as follows: Section 1457. *"Any female who prostitutes herself,* or uses any indecent or lascivious language, or gestures, or behavior to induce any other person to prostitution, shall," etc.

It will be noted that the foregoing complaint pretermits entirely the first alternative, "any female who prostitutes herself," and is confined to the second; the gravamen of the charge being that this appellant, a woman, by certain designated language or behavior tried to indue D. S. Jones, a man, to prostitution—a condition impossible of accomplishment. Haygood v. State, 98 Ala. 61, 13 So. 325; 6 Words and Phrases, First Series, pp. 5740, 5741; Osborn v. State, 52 Ind. 526; Fahnestock v. State, 102 Ind. 156, 1 N. E. 372; State v. Brow, 64 N. H. 577, 15 A. 216, 217; Carpenter v. People, 8 Barb. (N. Y.) 603, 611; State v. Stoyell, 54 Me. 24, 27, 89 Am. Dec. 716.

In its worst phase the evidence against the accused tended only to show that appellant had, upon one single occasion, made an improper proposal to City Officer D. S. Jones, who thereupon arrested her, resulting in her trial and conviction as hereinabove stated.

Other insistences of error need not be discussed, not being necessary to a decision in this case.

■ This court is at a loss to understand the submission here in brief of appellee of many pages of records of other courts in no way connected with this case. We, of course, cannot consider these extraneous and irrelevant matters for any purpose; but we are not inclined to strike appellee's brief as insisted by appellant, as we do not care to impute to distinguished counsel, authors of the brief, any improper motive in this connection.

The application for rehearing is overruled.