144 So. 125

## JACKSON v. CITY OF SYLACAUGA.

### 7 Div. 898.

Court of Appeals of Alabama.
Nov. 1, 1932.

Riddle & Riddle, of Talladega, for appellant.

J. B. Sanford, of Talladega, for appellee. Brief did not reach the Reporter.

BRICKEN, P. J.

The prosecution in this case originated in the recorder's court. The offense there complained of was a violation of a certain ordinance of the city of Sylacauga, wherein this appellant was charged with engaging in the business, practice, or profession, or occupation of a chiropractor, without paying for and taking out a license so to do.

The ordinance in question, No. 1032, provides, in section 8 thereof, that any person, firm, or corporation who shall engage in any business, trade, occupation, or profession, or keep any establishment, or do any act for which a license is required by this or any other ordinance of the city of Sylacauga, without first obtaining such license, shall be guilty of a misdemeanor, and shall upon conviction be fined not less than $5 and not more than $100.

Section 1, subd. 35, of said ordinance, provides an annual license of $30 for a chiropractor or osteopath.

From a judgment of conviction in the recorder's court, an appeal was taken to the circuit court. Appellant was there tried upon a complaint filed by the attorney for appellee. He was convicted, and judgment was accordingly pronounced and entered, from which this appeal was taken.

Appellant has assigned errors as the rules of practice require, and complains, first, at the action of the court in overruling demurrers to the complaint, wherein the sufficiency of the complaint is attacked. The demurrers also raise the question of the constitutionality of the ordinance.

■ Under the authority of Miles v. City of Montgomery, 17 Ala. App. 15, 81 So. 351, we think the complaint sufficient in form and substance, and therefore the demurrers in this connection do not appear to be well taken. The insistence that the ordinance in question is unconstitutional, in that it violates section 89 of Constitution 1901, is equally without merit.

■ A chiropractor is one who practices the system of chiropractics (11 Corpus Juris, 758); and when properly qualified, such chiropractor may legally practice in this state. In order to so qualify, the person desiring to engage in practicing the system of chiropractics must first obtain a certificate of qualification from the State Board of Medical Examiners (section 5191, Code 1923); and, until so qualified, the officers or authorities who have charge of issuing license have no authority to require of, or issue to, any person a license to practice the system of chiropractics in this state or any subdivision thereof. Where, in a schedule of licenses established by an ordinance passed by the competent authorities of a city, there is included an occupation which is prohibited by the general laws of the state, such ordinance, in so far as it licenses said unlawful occupation, is null and void. Hewlett v. Camp, 115 Ala. 499, 22 So. 137.

■ In this case there is some evidence tending to show that this appellant held himself out as a chiropractor and as such undertook to and did treat or offer to treat diseases of human beings in this state and in the city of Sylacauga. But it also affirmatively appears from the record, without dispute, that this appellant has never at any time heretofore qualified to treat or offer to treat diseases of human beings, etc., by having obtained a certificate of qualification from the State Board of Medical Examiners as hereinabove discussed. This being true and affirmatively shown, this particular character of prosecution cannot stand, for the city of Sylacauga was, as stated, without authority to issue to appellant a license to do an unlawful act, and here the alleged acts complained of were upon their face unlawful. We, of course, pass only upon the record before us. There is a distinction between the words "license" and "certificate of qualification." Brooks v. State, 88 Ala. 122, 6 So. 902, Nelson v. State, 97 Ala. 79, 12 So. 421.

■ The measure of proof in this case is not properly stated in the purported affirmative charge given by the court at the request of the prosecution. Under the law, the guilt of a defendant must be proven "beyond a reasonable doubt"; the charge given does not so require; hence error prevailed in giving said charge. Pinson v. City of Birmingham, 24 Ala. App. 482, 136 So. 868.

Other insistences of error are presented. but need not be discussed.

For the errors indicated, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.