[Civ. No. 20177. Third Dist. May 18, 1981.]

BILLY DEAN MATHEWS, Petitioner, v.
THE SUPERIOR COURT OF BUTTE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

---

## COUNSEL

Lynn Hubbard III for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Nancy Sweet and Clayton S. Tanaka, Deputy Attorneys General, for Real Party in Interest.

---

## OPINION

**PARAS, Acting P. J.**—Petitioner (hereinafter defendant) seeks a writ of prohibition to void a superior court order denying his motion to dismiss criminal charges pending against him. (Pen. Code, § 995.)

Defendant is charged by information with two counts of attempted fraudulent procurement of a female to have illicit carnal connection. (Pen. Code, §§ 266, 664.)[1] He contends the charges must be dismissed because his acts do not fall within the purview of section 266. On the authority of *People v. Roderigas* (1874) 49 Cal. 9 (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]), and on our own reading and interpretation of the statute, we agree. *Nulla poena sine lege.* (2 Jowitt, The Dict. of English Law (1959) p. 1251; *People v. Ridens* (1974) 59 Ill.2d 362 [321 N.E.2d 264, 275]; §§ 6, 13.)

Section 266 reads: "Every person who inveigles or entices any unmarried female, of previous chaste character, under the age of 18 years into any house of ill fame, or of assignation, or elsewhere, for the purpose of prostitution, or to have illicit carnal connection with any man; and every person who aids or assists in such inveiglement or enticement; and *every person who, by any false pretenses, false representation, or other*

---

[1] All statutory references henceforth are to the Penal Code, unless otherwise indicated.

*fraudulent means, procures any female to have illict carnal connection with any man,* is punishable by imprisonment in the state prison, or by imprisonment in a county jail not exceeding one year, or by a fine not exceeding one thousand dollars ($1,000), or by both such fine and imprisonment." (Italics added.)

Testimony at the preliminary hearing showed defendant sexually fondled and caressed a woman as she slept in the bed she usually shared with another man.[2] The bedroom was dark and she assumed, as defendant intended, that he was the bedmate.

■ In *Roderigas, supra,* the court sustained a demurrer to a section 266 charge on the ground that one who obtains sexual favors *for himself* by fraud cannot be held to "procure" within the meaning of the statute. "To 'procure a female to have illicit carnal connection with any man,' is the offense of a procurer or procuress—of a pander. This is the natural meaning of the words—the fair import of the terms of the statute—and, in our opinion, this construction effects the objects had in view by the law-makers in its enactment. The argument for the people is that, as a seducer is a person who prevails upon a female—theretofore chaste—to have illicit carnal connection with himself, he is thereby brought within the mere words of the statute, and so made liable to the punishment it inflicts. But we think that this view cannot be maintained by any rule of fair interpretation. The statute uses the word procure —'procures.' The recognized meaning of this word, in the connection in which it appears in the statute, refers to the act of a person 'who procures the gratification of the·passion of lewdness for another.' This is its distinctive signification, as uniformly understood and applied. The subsequent words 'with any man' ('procures any female to have illicit carnal connection with any man'), therefore, so far from being inconsistent with this construction, lend it support. [¶] It would be to utterly disregard the relations which these words bear to the remainder of the

---

[2]The details are: On June 20, 1980, at approximately 11:30 p.m., the victim, a 19-year-old woman, was at her paramour's apartment in Chico, California, where she had been staying for approximately 1 month. The paramour shared the apartment with Steve Vadney, a male roommate. No one was present that night when she retired.

At approximately 1 a.m. the following morning the victim was asleep when Steve returned to the apartment accompanied by defendant and another male. Steve had told defendant he was not happy that the victim was staying in his apartment. Defendant decided he would play a joke on her by pretending to be her paramour. He entered the bedroom, undressed, got into bed, and undertook prolonged erotic touching and caressing (short of any form of sexual penetration however), until she hysterically discovered and reacted to his identity. Later he told police he did these things to "play a joke" on her.

sentence in which they occur, and to indulge in a most latitudinarian construction, should we hold that they include and apply to the defendant in this case. He cannot, under the facts stated in the indictment, be considered to have been both procurer and seducer at the same time, and in one and the same instance, without utterly confounding distinctions and definitions well established, and universally recognized." (*People v. Roderigas, supra*, 49 Cal. at p. 11.)

The *Roderigas* definition was applied 58 years later by this court in *People* v. *Cimar* (1932) 127 Cal.App. 9, 14 [15 P.2d 166, 16 P.2d 139]. Neither the wording of the statute nor the meaning of the term "procure" has changed since then. The charges against defendant cannot stand. His conduct, reprehensible though it was, did not violate section 266. If there is a statutory oversight in this area of the penal law, the Legislature may address it.

Let a writ of prohibition issue to prevent further proceedings against defendant under section 266.

Blease, J., and Perluss, J.,* concurred.

**PARAS, Acting P. J.**—I offer this separate concurring opinion. (Cf. *Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584, 593 [150 Cal.Rptr. 435, 586 P.2d 916]), to emphasize what I perceive as an obvious and serious oversight in our Penal Code. Any person who fraudulently obtains the consent of another to sexual relations escapes criminal liability (at least as a sex offender under tit. IX of the Pen. Code), unless he (or she) either masquerades as the victim's spouse (§ 261, subd. 5), or offers marriage in exchange for sexual favors from "an unmarried female of previous chaste character." (§ 268.) In all other situations, the general rule that fraud in the inducement does not vitiate consent (*People* v. *Harris* (1979) 93 Cal.App.3d 103 [155 Cal.Rptr. 472]) bars prosecution for a sex offense. A society which has condoned meretricious relationships (cf. *Marvin* v. *Marvin* (1976) 18 Cal.3d 660 [134 Cal. Rptr. 815, 557 P.2d 106]), should give serious consideration to specific delineation and punishment of conduct as offensive and outrageous as that of the defendant here. The section 261, subdivision 5 distinction between married and unmarried victims seems no longer warranted.

---

*Assigned by the Chairperson of the Judicial Council.