[No. 12945. Department Two. November 17, 1915.]

THE STATE OF WASHINGTON, *Appellant*, v. LEO RICHARDS, *Respondent*.[1]

ABDUCTION—INFORMATION—SUFFICIENCY — STATUTES. Under Rem. & Bal. Code, § 2439, defining the crime of abduction as a "taking" of a female under the age of eighteen years for the purposes of sexual intercourse without the consent of her parents, without specifying that it be by force, an information would be sufficient if it alleges a taking "by means of persuasion, entreaty, advice, flattery, promises or other means to the prosecuting attorney unknown."

INDICTMENT AND INFORMATION—ATTEMPTS—ABDUCTION—STATUTES. Under Rem. & Bal. Code, § 2264, defining an attempt as "an act done with intent to commit a crime, and tending but failing to accomplish it," an information for attempted abduction is sufficient where the acts charged would have been sufficient to have charged the completed offense had that crime been accomplished.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered April 14, 1915, upon sustaining a demurrer to the information, dismissing a prosecution for attempted abduction. Reversed.

*H. E. Donahoe* and *C. D. Cunningham*, for appellant.

[1]Reported in 152 Pac. 720.

MAIN, J.—The defendant in this case was, by information, charged with the crime of attempted abduction. To the information, a demurrer was interposed and sustained by the trial court. Thereafter an amended information charging the same offense was filed. To the amended information, a demurrer was interposed and likewise sustained by the trial court. The state refused to plead further and stood upon the amended information. A judgment was entered dismissing the action. From this judgment the appeal is prosecuted.

The only question in the case is whether the amended information charges the crime of attempted abduction. This information, aside from the formal parts, is as follows:

"The said Leo Richards in said Lewis county, state of Washington, on to-wit: on or about the 24th day of February, A. D. 1915, then and there being, did then and there, wilfully and unlawfully and feloniously, by means of persuasion, entreaty, advice, flattery, promises, and other means to the prosecuting attorney unknown, attempt to take May Parker, a female child under the age of eighteen (18) years, to-wit: of the age of thirteen years, from the custody of her parents or legal guardians for the purpose of sexual intercourse, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Washington."

It will be noticed that it is alleged in the amended information that the respondent, by means of "persuasion, entreaty, advice, flattery, promises, and other means to the prosecuting attorney unknown," attempted to commit the crime charged.

By Rem. & Bal. Code, § 2439, the crime of abduction is defined as follows:

"Every person who shall take a female under the age of eighteen years for the purpose of prostitution or sexual intercourse, or without the consent of her father, mother, guardian or other person having legal charge of her person, for the purpose of marriage . . . shall be guilty of abduction and punished by imprisonment in the state penitentiary for

6—88 WASH.

not more than ten years or by a fine of not more than one thousand dollars, or by both."

By this statute, every person who shall take a female under the age of eighteen years for the purposes therein stated is guilty of the crime of abduction. The taking necessary to constitute the crime under the statute may be effected by persuasion, enticement, or inducement. *State v. Bussey*, 58 Kan. 679, 50 Pac. 891; *State v. Jamison*, 38 Minn. 21, 35 N. W. 712. In the case last cited, the supreme court of Minnesota, construing a like statute, used this language:

"To constitute a 'taking' within the meaning of this section, it is not necessary that force or violence be used. It may be accomplished by persuasion, enticement, or device."

Had the completed crime been charged instead of the attempt, it is plain that to allege the taking was done by means of persuasion, entreaty, advice, flattery, and promises, would be sufficient. If the completed crime may be charged by the means alleged, the question arises whether the allegation of the same means would be sufficient to charge the attempted crime. Rem. & Bal. Code, § 2264, defines attempt as,

"An act done with intent to commit a crime, and tending but failing to accomplish it . . ."

By this statute, the act done with intent to commit a crime and which falls short of accomplishing the completed crime constitutes an attempt. If the completed crime may be charged as being accomplished by means of persuasion, enticement or inducement, does it follow that an information is sufficient which charges the attempt by the same means? In *State v. Baker*, 69 Wash. 589, 125 Pac. 1016, it was held that, where the acts charged would have been sufficient to have charged the completed crime had that crime been accomplished, they are sufficient to charge an attempt to commit that crime. In that case, it is true, the court was not considering the crime of abduction; but the principle involved is the same.

In our opinion, the allegations in the amended information in this case were sufficient to charge the crime of attempted abduction.

The judgment will be reversed, and the cause remanded with directions to the superior court to overrule the demurrer.

Morris, C. J., Mount, Holcomb, and Parker, JJ., concur.