[No. 18603. Department One. January 9, 1925.]

## THE STATE OF WASHINGTON, *Appellant*, v. J. A. RAMSTAD, *Respondent*.[1]

INDICTMENT AND INFORMATION (73)—DUPLICITY. An information under Rem. Comp. Stat., § 2348, making it an offense for an officer to mutilate his official records or to withhold money intrusted to him, is not duplicitous, where it charges that the county treasurer entered a personal property tax without receiving the money, and destroyed a duplicate real estate tax receipt, and substituted a mutilated receipt; since they were merely different acts in the commission of one offense.

RECORDS (11)—OFFENSES—MUTILATING PUBLIC RECORDS—STATUTES —CONSTRUCTION. The duplicate copy of a tax receipt kept by county treasurers in lieu of a stub, is a part of his record, within Rem. Comp. Stat., § 2348, making it an offense to mutilate his records.

INDICTMENT AND INFORMATION (67)—SURPLUSAGE—MATTERS CONSTITUTING BAR. The allegations of an information setting forth the evidence of the state is not to be considered as part of the information, upon demurrer, or a bar to the prosecution.

Cross-appeals from a judgment of the superior court for Snohomish county, Bell, J., entered March 26, 1924, upon sustaining, upon one ground, a demurrer to the information, dismissing a prosecution for the crime of mutilating public records. Reversed on plaintiff's appeal; affirmed on defendant's appeal.

[1]Reported in 232 Pac. 349.

*C. T. Roscoe* and *John C. Richards,* for appellant.

*O. T. Webb, W. A. Johnson,* and *Coleman & Fogarty,* for respondent and cross-appellant.

PEMBERTON, J.—The respondent is charged by information with the crime of mutilating a record appertaining to his office as county treasurer, the charging part of the information being as follows:

"He, the said J. A. Ramstad, on or about the 24th day of July, 1923, at the county of Snohomish, state of Washington, was the duly elected, qualified and acting county treasurer in and for the county of Snohomish, state of Washington. That as such county treasurer it became and then and there was the duty of J. A. Ramstad to enter, make record of and collect the taxes due said Snohomish county, state of Washington, and keep the records, files, papers and receipts of said county treasurer's office; and that said J. A. Ramstad in the county of Snohomish, state of Washington, on or about the 24th day of July, 1923, and while acting as treasurer of said Snohomish county, state of Washington, did then and there unlawfully and feloniously mutilate, destroy, conceal, erase, obliterate, and falsify said records and papers appertaining to his office of county treasurer, in and for said Snohomish county, state of Washington, by then and there falsely issuing and delivering to the firm of Walker and Peterson, personal property tax receipt No. 27838 of said county treasurer's office, in the sum of $1,732.33, for personal taxes for the years 1921 and 1922, due from said firm to said Snohomish county, state of Washington, and failing to account for and turn into the said county treasury the sum due for said personal tax due from said firm of Walker and Peterson, and by then and there falsely entering payment of the sum of $1,732.33 in personal property tax roll of said county treasurer's office, and particularly the personal property tax account of said firm of Walker

and Peterson in said personal property tax roll; and by then and there mutilating, erasing, altering, duplicate personal tax receipt No. 27838 of said treasurer's office, and by thereafter destroying or concealing duplicate real estate tax No. 27839 of said treasurer's office, and falsifying said record by placing said mutilated, erased and altered duplicate personal property tax receipt No. 27838 in the place of said duplicate real estate tax receipt No. 27839 in the records of said treasurer's office, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Washington.''

The respondent demurred to the information on all the statutory grounds. The trial court sustained the demurrer on the ground that the information does not substantially comply with the statute of the state of Washington, dismissed the action without prejudice, and overruled the demurrer on the other grounds. The appellant appeals from the order sustaining the demurrer and dismissing the action. Respondent appeals from that part of the judgment dismissing the action without prejudice, and from the order overruling the demurrer of respondent on the other grounds.

It is the contention of respondent that more than one crime is charged, that the facts charged do not constitute a crime, and that the information contains matter which if true would constitute a legal bar to the action.

It is claimed that the information charges the commission of two crimes, under the following sections:

''Every officer who shall mutilate, destroy, conceal, erase, obliterate or falsify any record or paper appertaining to his office, or who shall fraudulently appropriate to his own use or to the use of another person, or secrete with intent to appropriate to such use, any money, evidence of debt or other property intrusted to him by virtue of his office, shall be punished by im-

prisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars, or by both.'' Rem. Comp. Stat., § 2348 [P. C. § 9086].

''Every state, county, city or town treasurer who shall willfully misappropriate any moneys, funds or securities received by or deposited with him as such treasurer, or who shall be guilty of any other malfeasance or willful neglect of duty in his office, shall be punished by imprisonment in the state penitentiary for not more than five years or by a fine of not more than five thousand dollars.'' Rem. Comp. Stat., § 2571 [P. C. § 8813].

It is contended that this information charges the respondent with mutilating records pertaining to his office and also charges him with the additional offense of withholding money, another and distinct crime. Respondent says:

''Certainly by no stretch of the imagination can it be said that this defendant has been charged concisely with any definite act. To put it bluntly, he cannot tell, from this so-called specification, whether he is charged with issuing a receipt when he received no payment or with receiving a payment for which he did not account; or receiving a part of the payment and receipting for more, or any one of these multitudinous possibilities contained within these drag net allegations of 'falsely' doing something.''

The information charges that a personal property tax receipt was issued by respondent for the taxes of Walker and Peterson, and that respondent entered payment of the same in the personal property tax roll of the county treasurer's office without receiving the money therefor, and then and there mutilated and altered the duplicate of this tax receipt, and destroyed a duplicate of a certain real estate tax receipt and sub-

stituted therefor the mutilated and altered duplicate of the personal property tax receipt. It sets forth the different acts included in the scheme or plan of respondent in the commission of the offense charged. This information charges but one offense, and considering the nature of the offense charged, it is stated in plain and concise language within the requirements of the statute. Rem. Comp. Stat., § 2055 [P. C. § 9268].

It is claimed that there is no statutory requirement that a duplicate copy of a tax receipt be kept by the treasurer, and therefore it would not be unlawful to mutilate or destroy a duplicate copy of a receipt that is not required by the law to be kept but is only taken for the convenience of the treasurer. Instead of keeping a stub as the law requires, the treasurer, for convenience, retains a duplicate copy of the receipts issued, and certainly that is a part of his record, and a mutilation or destruction of the same would come within the prohibition of the statute.

The respondent says: "It is not alleged directly, but it is a fair implication from the allegations that the defendant failed to account for the money, that he must have received the money. Therefore, if he received the money, it was his duty to mark the tax paid on the records of his office." It is claimed that, if respondent failed to account for the money, then he must have received it, and the receipt then was not falsely issued if he received the money. That portion of the information reading as follows: "and failing to account for and turn into the said county treasury the sum due for said personal tax due from said firm of Walker and Peterson," is in fact setting forth in the information the evidence of the state and should not be considered as part of the information. The in-

formation does not contain matter that is a bar to the action.

The judgment of the trial court in sustaining the demurrer will be reversed. In all other respects it will be affirmed.

MAIN, C. J., TOLMAN, BRIDGES, and PARKER, JJ., concur.