12402

STATE v. MORTON *ET AL.*

(142 S. E., 245)

1. Abduction—Evidence of Defendants' Guilt of Abduction of 15-Year Old Girl Held Sufficient to Go to Jury (Cr. Code 1922, § 372).—In prosecution under Cr. Code 1922, § 372, for the abduction of a girl about 15 years of age, evidence *held* sufficient to take case to jury, and direction of verdicts for defendants was, therefore, properly refused.

2. Abduction—That 15-Year Old Girl Voluntarily Accompanied Defendants Held Immaterial on Issue of Abduction, if She Was Taken Away Against Parents' Will for Prostitution (Cr. Code 1922, § 372).—In prosecution under Cr. Code 1922, § 372, for the abduction of a girl about 15 years of age, it was imma-

terial that girl consented to accompany defendants, or that she voluntarily left home, if she was conveyed away against the will of her parents for the purpose of prostitution.

Before DENNIS, J., Fairfield, February, 1927. Affirmed.

Spencer Morton and another were convicted of abduction, and they appeal.

*Messrs. Dunlap & Dunlap,* and *Douglas & Douglas,* for appellants, cite: *"Abduction":* Black's Law Dict. (2nd Ed.), 1 C. J., 285; Ann. Cas., 1913–A, 586; 1 R. C. L., 64, Par. 2; 53 Am. Rep., 240; Sec. 372, Crim. Code.

*Solicitor J. Lyles Glenn,* for respondent.

March 16, 1928.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The defendants were convicted of the offense of abduction under Section 372 of the Criminal Code. They appeal from the refusal of the Court to direct a verdict of "not guilty." The appeal is based upon the contentions that such verdict should have been directed, as the evidence showed that the girl alleged to have been abducted voluntarily left home, and that there was no evidence of a taking against her parents' will; also that there was no evidence in any way to connect the defendant Spencer Morton with the offense.

The evidence showed that the girl lived· at Winnsboro Mills. She was about 15 years of age. The defendants, on the day in question, drove up near the girl's residence in an automobile and stopped near the house. The defendant Genelle Bolin went into the house. She says that she went to borrow a coat. Then Genelle and Ruth Covan (the girl abducted) ·talked a while at the fireplace, and then Ruth accompanied Genelle out to the car, got in, and rode off with both defendants in the car. She was afterwards found at Ft. Mill, in the house of one Monaghan, under circumstances which raise a strong suspicion that she was taken away for the purpose of prostitution.

The direction of verdict was properly refused. It is
2    immaterial that the girl gave her consent to accom-
pany the parties charged, or that she voluntarily left
home, if she was conveyed away against the will of her
parents for the purpose of prostitution. 1 R. C. L., 65. ·

It is not to be presumed that parents would consent to the
conveying away of their daughter for that purpose, and the
fact that they afterwards put the girl in a reformatory is
strong evidence that this abduction was against their will.

It is the judgment of this Court that the judgment of the
Circuit Court be affirmed.

Mr. Chief Justice Watts and Messrs. Justices
Blease, Stabler and Carter concur.