[No. 1160-3.    Division Three.    December 30, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN HENRY REESE, *Appellant*.

C. *Edwin Elkins* (of *Elkins & Michaelsen*), for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *LeRoy C. Kinnie, Deputy,* for respondent.

MUNSON, J.—Defendant, John Henry Reese, appeals a conviction for the abduction of a girl under the age of 18.

No error is assigned to the findings of fact entered by the trial court. Consequently, they are accepted as verities. *State v. Mercy,* 55 Wn.2d 530, 348 P.2d 978 (1960).

The operative portions of the findings state:

### VII

That [a girl under the age of 18] was transported to Yakima by the defendant in a 1969 Cadillac automobile, for the purpose of prostitution.

### VIII

That . . . worked as a prostitute in Yakima, earning $131.00 all of which she gave to the defendant, John Henry Reese.*

*There is a reasonable doubt as to whether . . . accompanied the defendant by reason of any threats, fear, inveiglement or enticement.

The pertinent portion of the abduction statute, RCW 9.79.050, reads as follows:

Every person who—
(1) Shall take a female under the age of eighteen years for the purpose of prostitution or sexual intercourse, . . .

. . .

Shall be guilty of abduction and punished by imprisonment in the state penitentiary . . .

The sole issue presented is whether RCW 9.79.050(1) requires more than a taking or transporting to constitute abduction, *i.e.,* threats, fear, inveiglement or enticement, when done for the prohibited purpose. We answer in the negative.

Only subsection (2) of RCW 9.79.050, which contains additional elements, specifically describes inveigle-

ment or enticement as a means of effectuating the taking. The omission of words from a statute must be considered intentional on the part of the legislature. *State v. Roadhs*, 71 Wn.2d 705, 430 P.2d 586 (1967).

Defendant's reliance upon the case of *State v. Humburgs*, 3 Wn. App. 31, 472 P.2d 416 (1970) is misplaced. The court in *Humburgs* by dicta ostensibly approved the giving of an instruction which in part provided:

"[I]f you believe [the girl] . . . voluntarily and freely accompanied the defendants without persuasion, enticement or force on the part of the defendants, then your verdict will be not guilty."

In *Humburgs* the implicit definition of the word "take" is too narrow. In *State v. Richards*, 88 Wash. 160, 152 P. 720 (1915), the charging portion of the information alleged "means," including persuasion, entreaty and promises, along with the taking of a juvenile for the prohibited purpose. There the court said the taking "may be effected by persuasion, enticement, or inducement." The cases cited in support of the *Richards* judgment are from jurisdictions which require such means in addition to a taking for the prohibited purpose. However, a charge may include elements which are not subject to attack. *State v. Miller*, 71 Wn.2d 143, 426 P.2d 986 (1967); *State v. Ramstad*, 132 Wash. 406, 232 P. 349 (1925).

The word "take" is one of common usage and enjoys a commonly recognized meaning among people of common intelligence. *State v. Missmer*, 72 Wn.2d 1022, 435 P.2d 638 (1967). It includes a purely voluntary surrender for the prohibited purpose. *Commonwealth v. McCusker*, 363 Pa. 450, 70 A.2d 273 (1950); *State v. Morton*, 144 S.C. 116, 142 S.E. 245 (1928); *Griffin v. State*, 109 Tenn. 17, 70 S.W. 61 (1902); *Webster's Third New International Dictionary* (1969).

We interpret RCW 9.79.050(1) to require nothing more

than a proof of taking, which can be mere transporting, of a girl under 18 years of age for one of the prohibited purposes.

Judgment affirmed.

GREEN, C.J., and McINTURFF, J., concur.

Petition for rehearing denied January 10, 1975.

Review denied by Supreme Court March 25, 1975.