

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DAVID B. TRUJILLO, a married person doing business as The Law Offices of David B. Trujillo, a sole proprietorship, | ) ) ) ) ) | No. 38813-1-III |
| Respondent, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) | |
| DEBORAH K. BURKSFIELD, also known as Deborah K. Boots, | ) ) ) | |
| Appellant. | ) | |

FEARING, C.J. — Deborah Burksfield appeals from a summary judgment ruling and a trial ruling that awarded attorney David Trujillo fees charged for services performed in an underlying lawsuit. We affirm the superior court rulings.

FACTS

We encounter difficulty recounting the facts underlying the dispute between client Deborah Burksfield and attorney David Trujillo. When delineating facts in her brief, Burksfield references trial exhibits, but no trial testimony. She declined to order a

transcript of the trial testimony. Also, although she sent her affidavit opposing David

Trujillo's summary judgment motion to this court, she does not outline in her brief those

facts to which she averred in her countering affidavit.

On April 18, 2014, Deborah Burksfield entered into a written fee agreement with

attorney David Trujillo. The agreement listed, as the client, "Deborah Burksfield

personally and as derivative claimant for LSL Properties, LLC." Clerk's Papers (CP) at

7. Under the agreement, client Burksfield and LSL Properties agreed to pay $250 per

hour for Trujillo's legal services. The agreement provided for interest at eighteen percent

per annum to accrue on outstanding balances. The agreement provided that, in the event

of a collection action, Trujillo would be entitled to recover "ALL REASONABLE

COLLECTION AND OR ATTORNEY FEES AND ANY AND ALL REASONABLE

EXPENSES AND COSTS." CP at 7 (boldface omitted; capitalization in original).

Pursuant to the fee contract, David Trujillo represented Deborah Burksfield in trial

proceedings and on appeal in *Burksfield v. Sali*, No. 33037-1-III, (Wash. Ct. App. July 7,

2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/330371.unp.pdf. Trujillo

represented both Burksfield individually and as a derivative claimant of LSL Properties,

LLC against Burksfield's brothers and corporate entities affiliated with the brothers.

Other counsel had initiated the lawsuit on behalf of Burksfield.

Attorney David Trujillo secured a $535,674.62 judgment for Deborah Burksfield

and LSL Properties and a $129,945.00 award of attorney fees. The superior court granted

one defending party $39,000 in costs because Burksfield advanced no evidence to support a claim against that particular party.

PROCEDURE

This lawsuit on appeal began when attorney David Trujillo sued Deborah Burksfield for payment of legal fees incurred in his representation of her in the underlying litigation. He alleged that, as of August 1, 2019, Burksfield owed $67,758.05 and accrued interest.

Deborah Burksfield asserted "affirmative defenses and counterclaims" in her answer to David Trujillo's complaint. Burksfield wrote:

> 1. The damages sustained by [Trujillo], if any, were foreseeable and proximately caused or materially contributed to by [Trujillo]'s own actions or negligence, and by persons and/or entities over whom Burksfield had no control or majority right of control.
> . . . .
> 4.1. Burksfield alleges "LSL" at all times relevant to derivative No. 11-2-01268-2 case and subsequent Division III appeal No 33037-1 was the "client" "customer" and "job" evidenced in The Law Offices of David B. Trujillo's own internal accounting records that Mr. Trujillo provided to Burksfield;
> 4.2. Burksfield alleges at all times relevant to the RCW 21.20 [Washington's securities act] proceedings LSL was the only "person" represented and *in equity* the corporation LSL is obligated to pay all derivative case legal fees and interest, because any recovery including $535,674 jury award in the derivative action or appeal belonged to "LSL" not to Burksfield.
> 4.3. Burksfield alleges Mr. Trujillo was fully aware of her financial insecurity and he knew she personally could never pay all of the Corporate client LSL's expenses;
> 4.4. Burksfield alleges Mr. Trujillo's own actions or inaction; when Court approved opposing counsel's proposed jury verdict form without a separate "damages" line for tort breach of fiduciary duty and subsequent proposed distribution ($460,497) to at fault parties without consideration of

3

the LLC agreement, among other legal professionals' wrong doings; materially contributed to Plaintiff's damages,

4.5. Burksfield alleges Plaintiff as a legal professional, "independent" of any contract, has the public duty to prevent a crime and fraud from occurring;

4.6. Burksfield alleges during derivative case proceedings and appeal, Mr. Trujillo was privy to clear cogent and convincing relevant fact evidence that opposing counsel had been and were making false or misleading statements to public servants;

4.7. Burksfield alleges Mr. Trujillo was privy to and knew relevant fact admissible business documents existed that evidenced the false or misleading statements made by opposing counsel, but Plaintiff chose not to present evidence of any other legal professionals' wrong doing; allegedly one example is opposing counsel's misleading statements made in obtaining the $39,000 frivolous sanction that was offset and deducted from Corporate client LSL's awarded legal fees and costs;

4.8. Burksfield alleges Plaintiff's own acts or inaction contributed to the abuses of Washington law and foreseeable consequences of LSL's failure to perform, which could have been reasonably mitigated had he complied with his "public duty."

CP at 9, 12-13. In her answer and affirmative defenses, Burksfield did not contend that the 18 percent interest imposed by David Trujillo's fee agreement violated usury laws.

David Trujillo brought a motion for summary judgment to dismiss Deborah Burksfield's affirmative defenses and counterclaims. The court granted the motion because no admissible evidence supported the defenses and claims.

Thereafter, David Trujillo's collection action proceeded to a trial. CP 207. Following trial, the superior court issued a written memorandum decision, which reads in part:

Plaintiff, David B. Trujillo, doing business as The Law Office of David B. Trujillo brings this action against Deborah K. Burksfield, also known as Deborah K. Boots, defendant, seeking payment of attorney fees billed to the defendant for services rendered between April 18, 2014, and July 18, 2016, together with interest at 18% on the unpaid balance.

4

Defendant . . . [alleges] she did not have a copy of the attorney fee contract…. She also asserted various affirmative defenses, including, but not limited to, Plaintiff's damages were caused by others, the party contractually obligated to pay the fees was LSL Properties, LLC, the LLC was obligated in equity to pay the attorney fees, and Plaintiff's failure to pursue false and misleading statements of opposing counsel contributed to the court's imposition of sanctions and the failure to order payment of her attorney fees incurred prior to Mr. Trujillo's involvement.

The evidence establishes Defendant and LSL Properties, LLC sued a company owned by her brothers, Columbia Ready-Mix, Inc. for royalties owed under a gravel pit lease. She originally hired another law firm that filed the lawsuit on 4/12/2011. This law firm later withdrew on 1/29/14.and filed an attorney lien for services rendered Ms. Burksfield. Plaintiff, David Trujillo appeared as counsel for Ms. Burksfield in April 2014. The matter proceeded to trial in October 2014 and a jury returned judgment in favor of Ms. Burksfield and the LLC. The Honorable Judge Michael McCarthy awarded reasonable attorney fees to Plaintiffs for services rendered by Mr. Trujillo. The court rejected Ms. Burksfield's request for reimbursement of attorney fees from her former attorney and awarded sanctions against Ms. Burksfield of $39,000.00 for discovery abuses involving a related company, Columbia Asphalt & Gravel. The defendants in this [underlying] action appealed the trial court's award of attorney fees and costs to Ms. Burksfield for bringing the derivative action on behalf of LSL Properties, LLC. After consulting with Ms. Burksfield, Mr. Trujillo appealed the trial court's denial of prejudgment interest on the jury award and the sanctions imposed in favor of Columbia Asphalt & Gravel. The appellate court affirmed all trial court rulings. Most of the attorney fees and costs sought by Mr. Trujillo relate to services provided to Ms. Burksfield after trial and on appeal.

A copy of the attorney fee agreement signed by defendant, Ms. Burksfield, was admitted into evidence. The fee agreement is a binding contract obligating the defendant to pay the attorney fees billed by the Plaintiff at a rate of $250.00 per hour. It also provides for accrual of interest at 18% on any unpaid balance. The fee agreement was signed by the Plaintiff and Defendant on April 14, 2014.

Plaintiff produced copies of monthly invoices from April 2014 through August 2019. These invoices show the amounts billed, the services rendered, amounts credited for payments and the outstanding balance due for the month. Pursuant to the fee agreement, interest is applied if the invoice balance is not paid in full. These invoices reflect an outstanding balance of $ 67,758.05 on August 1, 2019. Plaintiff acknowledges a

payment of $100.00 on the account in May 2019 that was not credited. This reduces the amount sought in the complaint by $100.00 plus interest.

At trial, the defendant testified that Plaintiff failed to seek payment of the attorney fees she paid for the attorney that represented her prior to Plaintiff. Plaintiff responded that he requested payment of these fees and they were denied by the trial judge. The file in that action reflects an attorney lien filed by her former attorney at the time of his withdrawal. The defendant offered no evidence verifying her assertion this issue was not presented to Judge McCarthy. She does not dispute Plaintiff's testimony they discussed this issue when they decided to pursue an appeal. This issue was not appealed to the Court of Appeals. Instead, they agreed to appeal the issue of the sanctions imposed by Judge McCarthy for discovery abuses involving the prior attorney.

The defendant complains Plaintiff did nothing to invalidate the leases signed by the LLC which she contends allowed her brothers to profit from their misdeeds. She asserts Plaintiff should have pursued a declaratory judgment voiding the leases in addition to the derivative action on behalf of the LLC. However, these claims relate to affirmative defenses raised by defendant that were stricken by Order of Summary Judgment entered on February 10, 2021.

The defendant also complains Judge McCarthy's imposition of sanctions was not properly argued by Plaintiff before Judge McCarthy or before the Court of Appeals. She believes it is not fair she should have to pay the outstanding balance owed Plaintiff. Unfortunately, Judge McCarthy ruled against her on the discovery abuses and imposed sanctions. The Court of Appeals agreed with Judge McCarthy. There is no evidence to show that Plaintiff failed to zealously defend her on this issue for actions of her former attorney.

Defendant argues the fees should be paid by the LLC rather than her. The fee agreement clearly imposes the obligation of payment solely upon the defendant, Ms. Burksfield. In closing argument, the defendant referenced RPC 1.5 asking the court to determine the reasonableness of the fees charged. She offered no evidence the hourly rate was unreasonable in the community. She did not challenge the experience, reputation, and ability of Mr. Trujillo to properly represent her. She offered no testimony that the services provided by Mr. Trujillo fell below the standards of expertise. In fact, Mr. Trujillo took over representation of defendant and obtained a successful jury verdict in six months! The court finds Mr. Trujillo's fees are reasonable under the standards of RPC 1.5.

Lastly, defendant asserts Plaintiff failed to communicate with her or made false statements to her during his representation in violation of RPC 7.1. This was raised in her closing argument. She offered no testimony to

support this argument. She did not offer any examples of false statements allegedly made by Plaintiff to her. The court will disregard arguments made by Defendant that are unsupported by the evidence.

The court awards judgment in favor of Plaintiff in the sum of $63,939.091 less $100.00 paid by defendant, together with simple interest calculated at 18% per annum, calculated from May 3, 2019. Interest must be recalculated because the amount sought in the Complaint does not include the $100 payment and interest calculated through August would include interest on the $100.00 credit. Further, interest shall accrue on the judgment on the contracted rate of 18% per annum until paid in full.

CP at 208-10. Neither party sends to this court any findings of fact signed by the trial court. We operate as if the memorandum decision incorporated the findings.

The superior court awarded David Trujillo attorney fees and costs incurred in prosecuting the suit to collect fees. The court awarded $63,839.09 owed for services performed, $32,867.51 in prejudgment interest, $25,200.00 for attorney fees incurred in this collection action, and $949.62 in costs, for a total sum of $122,856.22. CP 284. The superior court signed a judgment for these amounts on March 11, 2022.

LAW AND ANALYSIS

On appeal, Deborah Burksfield seeks reversal of the summary judgment order and the trial court rulings after trial. She argues that David Trujillo's fee agreement was unconscionable and that David Trujillo performed ineffectively. She contends that Trujillo faced a conflict of interest in representing her and LSL Properties, charged unreasonable attorney fees, and charged a usurious interest rate.

In his responding appeal brief, David Trujillo forwards arguments not developed or supported by citation to legal authority. Trujillo writes that Deborah Burksfield's notice of appeal failed to identify the March 11, 2022 judgment as the decision that she

7

appeals. Trujillo also faults Deborah Burksfield for failing to transcribe a verbatim report of proceedings of the one-day trial. Trujillo does not express what, if any, remedy he seeks as a result of these purported defects. We decline to respond to these arguments because we need not address contentions unsupported by argument or authority to support them. *Smith v. King*, 106 Wn.2d 443, 451-52, 722 P.2d 796 (1986).

## Personal Liability

Deborah Burksfield argues that only LSL Properties, LLC and not her personally should be liable for David Trujillo's fees. Nevertheless, Burksfield signed the contract personally and as a derivative claimant of the limited liability company. Trujillo represented Burksfield personally during the relevant proceedings. Because Burksfield personally signed the contract, she incurred personal liability. She cites no law to the contrary.

Deborah Burksfield does not challenge the trial court's finding that she signed the fee agreement to be personally responsible. Findings of fact, to which the appellant assigns no error, become verities on appeal. *State v. Reese*, 12 Wn. App. 407, 408, 529 P.2d 1119 (1974).

## Unconscionability

Deborah Burksfield contends that David Trujillo took advantage of her because of unequal bargaining power and that Trujillo knew she could not afford payment of any fees such that the fee agreement was unconscionable. We reject this argument for at least four reasons. First, Burksfield did not expressly raise the defense of unconscionability in

her answer or affirmative defenses. Unconscionability is a defense to be raised by the party asserting it. *Burnett v. Pagliacci Pizza, Inc.*, 196 Wn.2d 38, 47, 470 P.3d 486 (2020).

Second, the trial court entered no finding of fact that addresses any unconscionability of the fee agreement. The lack of an essential finding is presumed equivalent to a finding against the party with the burden of proof. *In re Welfare of A.B.*, 168 Wn.2d 908, 927, 232 P.3d 1104 (2010). We repeat that no party filed with this court any findings of fact. Nevertheless, we may consider a memorandum decision as the formal findings. CR 52(a)(4).

Third, Deborah Burksfield failed to send to this court any trial transcript. Thus, this court lacks any testimony supporting Burksfield's assertion of unconscionability. The party presenting an issue for review has the burden of providing an adequate record to establish such error. RAP 9.2(b); *State v. Sisouvanh*, 175 Wn.2d 607, 619, 290 P.3d 942 (2012).

Fourth, although asserting the defense of unconscionability, Burksfield fails to analyze in her brief the law of unconscionability. An assignment of error unsupported by argument or legal authorities is deemed waived. RAP 10.3(a)(4); *Valley View Industrial Park v. City of Redmond*, 107 Wn.2d 621, 630, 733 P.2d 182 (1987), *abrogated on other grounds by Yim v. City of Seattle*, 194 Wn.2d 682, 451 P.3d 694 (2019).

Conflict of Interest

Deborah Burksfield hints, in her appellate brief, that David Trujillo suffered a conflict of interest when representing both her and LSL Properties, LLC. We reject this argument for several reasons. Although she cites to rules of professional conduct, Burksfield provides no developed argument as to why Trujillo violated any rule. More importantly, she does not identify where in the trial court record she forwarded this argument before the superior court. Failure to raise an issue before the trial court generally precludes a party from raising it on appeal. RAP 2.5; *State v. Kalebaugh*, 183 Wn.2d 578, 583, 355 P.3d 253 (2015). This court is not required to search the record to locate the portions relevant to a litigant's arguments. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 819, 828 P.2d 549 (1992).

Negligence

Deborah Burksfield accuses David Trujillo of professional negligence. She contends that Trujillo failed to appeal dismissal of her claim against her brothers and their company for transferring assets, Trujillo failed to seek invalidation of leases, Trujillo failed to bring a motion to vacate a summary judgment order dismissing her personal claims against her brothers, Trujillo failed to submit relevant business documents during the trial against her brothers, Trujillo misrepresented the lack of need to introduce evidence about Columbia Asphalt & Gravel, Trujillo failed to follow Burksfield's instructions to introduce evidence, Trujillo failed to properly analyze documents, Trujillo improperly deducted sanctions imposed against her from her judgment against her

10

brothers, Trujillo forwarded flawed arguments and failed to properly respond to her opponents' flawed motions, Trujillo charged for work he did not perform, Trujillo prepared a flawed judgment in her favor, Trujillo transferred some of his duties to opposing counsel, Trujillo failed to include names on the jury verdict, and Trujillo failed to obtain reimbursement for the incurred fees from LSL. Other arguments forwarded by Burksfield are not understandable.

We reject all of these factual contentions. Some conflict with the superior court's findings of fact, to which Deborah Burksfield failed to assign error. The superior court dismissed some of the claims on summary judgment, and Burksfield fails to identify any portion of her affidavit opposing the summary judgment motion where she provided countering testimony. Burksfield also fails to supply this court the trial transcript that includes testimony about these claims. Burksfield lists in seriatim format her claims of professional negligence without developing any argument in support of the contentions.

## Unreasonable Fees

Deborah Burksfield argues that the attorney fees under the contract were unreasonable under RPC 1.5(a). Nevertheless, Burksfield fails to articulate which of the RPC 1.5(a) factors would justify a decrease in David Trujillo's fees. Notably, Trujillo prevailed on major issues in the underlying litigation and on appeal when representing Burksfield. RPC 1.5(a)(4).

Deborah Burksfield also fails to assign error to the trial court's finding that Trujillo's fees were reasonable. Findings of fact, to which the appellant assigns no error, become verities on appeal. *State v. Reese*, 12 Wn. App. 407, 408 (1974).

Usury

Deborah Burksfield's appellate brief focuses on a claim of usury. She never advanced the theory before the trial court.

We refuse to review the usury argument. RAP 2.5(a) allows the appellate court to deny review of any claim of error not raised in the trial court. RAP 2.5(a) affords a trial court an opportunity to rule correctly on a matter before it can be presented on appeal. *State v. Strine*, 176 Wn.2d 742, 749, 293 P.3d 1177 (2013). The rule serves the goal of judicial economy by enabling trial courts to correct mistakes and thereby obviate the needless expense of appellate review and further trials, facilitates appellate review by ensuring that a complete record of the issues will be available, and prevents adversarial unfairness by ensuring that the prevailing party is not deprived of victory by claimed errors that he had no opportunity to address. *State v. Strine*, 176 Wn.2d 742, 749-50 (2013); *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988).

Fees on Appeal

David Trujillo requests reasonable attorney fees incurred on this appeal pursuant to the party's contractual provision providing for attorney fees. When a contract provides that attorney fees and costs shall be awarded to a prevailing party, the contract is

enforceable under RCW 4.84.330.  Therefore, we award Trujillo attorney fees and costs incurred on this appeal.

## CONCLUSION

We affirm the judgment in favor of David Trujillo.  We grant him an award of reasonable attorney fees and costs incurred on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:


_____
Siddoway, J.


_____
Pennell, J.